The STATE of Ohio, Appellee,

v.

CORBIN, Appellant.

[Cite as *State v. Corbin* (1999), 131 Ohio App.3d 239.]

Court of Appeals of Ohio,
Third District, Paulding County.

No. 12–98–9.

Decided March 8, 1999.

*Daniel R. Gerschutz,* Prosecuting Attorney, and *Michael A. Borer,* for appellee.

*Chad C. Niese,* for appellant.

THOMAS F. BRYANT, Presiding Judge.

Matthew Corbin appeals from the judgment entered in the Putnam County Court of Common Pleas finding that he violated terms of his community control and imposing on him a term of incarceration.

On September 27, 1997, Corbin was convicted of operating a motor vehicle while intoxicated ("OMVI"), specifically with violating R.C. 4511.19(A)(1). This was Corbin's fourth conviction of an OMVI offense within six years. A fourth OMVI offense within six years is classified as fourth-degree felony by R.C. 4511.99(A)(4)(a) and is punishable by "a mandatory term of local incarceration of sixty consecutive days" pursuant to R.C. 2929.13(G)(1) and "a community residential sanction or combination of community residential sanctions" under R.C. 2929.16(A).

Upon his conviction, on November 19, 1997, Corbin was sentenced to "* * * three (3) years of community control * * * and additionally * * * [to] serve twelve (12) months in the Putnam County Jail with the Defendant being given credit for one (1) day previously served * * * [and] the Defendant is to obtain an evaluation at the W.O.R.T.H. Center; if accepted then the Defendant is to attend the W.O.R.T.H. [Center] and then serve the balance of twelve (12) months in the Putnam County Jail * * *."

On August 12, 1998, the state filed a motion, to revoke Corbin's "probation." A hearing was held on the state's motion, and the court entered a judgment on September 4, 1998, stating as follows:

"* * * the Court finds that the terms of probation previously imposed have been violated. IT IS THEREFORE ORDERED, ADJUDGED AND DE-CREED that Defendant's probation be revoked and that sentence previously imposed of 12 months at the Ohio Department of Correction and Rehabilitation

*[sic]* be reimposed. The Defendant is given credit for 161 days previously served * * *."

It is from this judgment that Corbin takes his appeal.

I

Corbin's second assignment of error is dispositive to this appeal and will be discussed first. The second assignment of error states:

"The trial court erred in imposing a prison term on the appellant, as and for punishment of the appellant's probation violation, because the prison term was not an available sentence for the underlying offense."

An offender not previously convicted of a felony OMVI offense may not be sentenced to prison. R.C. 2929.13(G)(1) and (2).

The statute is clear:

"(G) Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

"(1) Except as provided in division (G)(2) of this section, the court shall impose upon the offender a mandatory term of local incarceration of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code and shall not reduce the term pursuant to section 2929.20, 2967.193, or any other provision of the Revised Code. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. *The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison.* A mandatory term of local incarceration imposed under division (G)(1) of this section is not subject to extension under section 2967.11 of the Revised Code, to a period of post-release control under section 2967.28 of the Revised Code, or to any other Revised Code provision that pertains to a prison term.

"(2) If the offender previously has been sentenced to a mandatory term of local incarceration pursuant to division (G)(1) of this section for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory prison term of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code * * *. In no case shall an offender who once has been sentenced to a mandatory term of local incarceration pursuant to division (G)(1) of this section for a fourth

degree felony OMVI offense be sentenced to another mandatory term of local incarceration under that division for a fourth degree felony OMVI offense. The court shall not sentence the offender to a community control sanction under section 2929.16 or 2929.17 of the Revised Code. * * *" (Emphasis added.)

Here, Corbin was originally sentenced to a community-based correctional facility, the W.O.R.T.H. Center, and a local jail. Corbin was not placed on "probation" conditioned on a suspended sentence. As ordered by the court, Corbin spent time both at the W.O.R.T.H. Center and the Putnam County Jail prior to apparently being granted an early judicial release from jail.[1] Thereafter, the trial court found that Corbin had violated conditions of his judicial release and ordered that the "sentence previously imposed of 12 months at the *Ohio Department of Correction and Rehabilitation* [sic] be reimposed [with] * * * credit for 161 days previously served * * *." (Emphasis added.)

First, Corbin was not originally sentenced to twelve months of imprisonment at the Ohio Department of Rehabilitation and Correction. Therefore, because that sentence was never imposed it could hardly "be reimposed" later. More important, however, the Ohio Department of Rehabilitation and Correction simply does not have control over the type of institution in which an OMVI offender sentenced under R.C. 2929.13(G)(1) shall be placed. See R.C. 2929.221(B)(1)(b). Therefore, the trial court did sentence Corbin to a facility not authorized by statute.

Nonetheless, the state argues that pursuant to R.C. 2929.15(B) a court may impose "a more restrictive sanction," including a prison term upon an offender found to have violated terms of his community control. However, a complete reading of that statute indicates a court may impose only "a more restrictive sanction *under section 2929.16, 2929.17, or 2929.18 of the Revised Code.*" (Emphasis added.) These specific sections of the sentencing statute apply only to more restrictive *community control sanctions* and do not authorize a court to impose a prison term when conditions of community control are violated. Furthermore, R.C. 2929.15(B) requires that any *prison term* imposed for violating a community control sanction be "pursuant to section 2929.14 of the Revised Code." R.C. 2929.14(A) expressly excepts from its operation "division (G)(1) of section 2929.13 of the Revised Code," relating to the appropriate punishment for first time felony OMVI offenders.

---

1. Corbin concedes that he was granted judicial release from the Putnam County Jail on July 10, 1998. There is, however, no entry in the record indicating Corbin was granted early release from jail. The record does contain a transcript of a hearing on Corbin's motion for judicial release wherein the trial court states it would consider releasing Corbin on July 10, 1998.

Accordingly, the appropriate location to incarcerate a first-time felony OMVI offender is not prison, but a local facility. R.C. 2929.13(G)(1). Therefore, because Corbin may not be sent to prison as punishment for this offense, the trial court's judgment imposing a term of "12 months at the Ohio Department of Correction and Rehabilitation [*sic*]" is without statutory support and accordingly was entered in an abuse of its sentencing discretion. *State v. Tutt* (1988), 44 Ohio App.3d 138, 541 N.E.2d 1090.

Corbin's second assignment of error is sustained.

## II

Corbin's first assignment of error states:

"The trial court erred by failing to credit the appellant for the time the appellant served at the W.O.R.T.H. Center, a community based correctional facility."

Appellant's first assignment of error, as did his second, appears to assume that a trial court may suspend a prison sentence conditioned on probation. However, trial courts may no longer "suspend" sentences on the condition of "probation" when sentencing offenders for felony offenses that occur on or after July 1, 1996. See, *e.g.*, *State v. Riley* (Nov. 12, 1998), Union App. No. 14–98–38, unreported, 1998 WL 812044; Staff Note to Crim.R. 32.1, amended July 1, 1998 (stating in part, "The practice of suspending a prison sentence prior to placing a defendant on probation was replaced with a system of directly sentencing a defendant to a community control sanction for felonies committed on or after July 1, 1996."); see, also, Staff Notes to Crim.R. 11(C), Crim.R. 32.2, and Crim.R. 32.3(A), all effective July 1, 1998. Nevertheless, to resolve appellant's assignment of error we must determine the nature of the specific sentence imposed by the trial court here.

As part of Corbin's sentence on November 19, 1997, he was ordered to "attend the W.O.R.T.H. [Center] and then serve the balance of twelve (12) months in the Putnam County Jail." Appellant contends that he was accepted at the W.O.R.T.H. Center and spent one hundred nineteen days there before being transferred to the Putnam County Jail to serve the balance of his sentence. Corbin was apparently granted judicial release on July 10, 1998. Thereafter, Corbin violated conditions of that release and, the trial court, when sentencing Corbin for those violations, "credit[ed]" Corbin with the time that he spent in the Putnam County Jail, but refused to credit time Corbin spent at the W.O.R.T.H. Center.

The state contends that because one purpose of the W.O.R.T.H. Center is to rehabilitate offenders, Corbin should not be credited with time spent there against time imposed for violating conditions of his community control, citing *State v. Nagle* (1986), 23 Ohio St.3d 185, 23 OBR 348, 492 N.E.2d 158. *Nagle*, however, was a pre-Senate Bill No. 2 case and held that a trial court was not required to credit time the offender spent in a rehabilitation facility *prior* to the execution of a suspended sentence. *Id.*, syllabus. Here, Corbin claims that he should be credited not with time served prior to the execution of his suspended sentence, but rather with time served *during* the execution of his sentence.

The sentencing entry provides that Corbin was sentenced to "three (3) years of community control * * * and additionally * * * [to] serve twelve (12) months in the Putnam County Jail with the Defendant being given credit for one (1) day previously served * * * [and] the Defendant is to obtain an evaluation at the W.O.R.T.H. Center; if accepted then the Defendant is to attend the W.O.R.T.H. [Center] and then serve the balance of twelve (12) months in the Putnam County Jail." This entry, although ambiguous, may be interpreted to credit Corbin for the time he spent at the W.O.R.T.H. Center against his twelve-month local jail sentence. Nevertheless, statements made by the trial judge when sentencing Corbin indicate quite clearly that the court intended to credit Corbin with time at the center against his total jail sentence. During the November 19, 1997 sentencing hearing, the trial judge stated:

"Mr. Corbin, in reviewing your record, you quite clearly have a significant alcohol problem with a lengthy record of not only DUI's but also other alcohol related offenses.` * * * Under the current law of Ohio I cannot send you to prison, otherwise, I would be sending you to prison today. I am, however, sending you to a combination of jail time and a community based corrections facility as follows. * * * I am imposing a period of twelve months in the Putnam County Jail as a community control sanction. *As part of that,* I am referring the defendant to the W.O.R.T.H. Center for evaluation. That evaluation is to take place this Thursday the 13th of November, 1997 at 9:00 a.m. *Should the defendant be found to be an acceptable candidate to the W.O.R.T.H. Center, he is to be enrolled at the W.O.R.T.H. Center and is to complete that program in lieu of jail time for whatever period. When released from the W.O.R.T.H. Center, he is to complete the rest of the 12 months of jail time."* (Emphasis added.)

Clearly, the trial court's intention was to sentence Corbin to twelve months incarceration, to be served *in part* at the W.O.R.T.H. Center and *in part* at the Putnam County Jail. Therefore, Corbin was incarcerated from the time he was ordered to the W.O.R.T.H. Center until he was apparently released from the Putnam County Jail.

Courts are required to credit time actually served prior to and during the execution of a sentence. See, *e.g., State v. Hines* (1999), 131 Ohio App.3d 118, 721 N.E.2d 1093. Evidence, however, indicating that an offender actually served jail time should not be limited to the indicia of his actual incarceration. Where a trial court, as here, orders an offender to serve *part of a jail term* at a community-based correctional facility, a reviewing court need not look into the actual circumstances of that "stay" to determine whether the duration of the stay should be credited against the total jail term imposed.

Again, the trial court sentenced Corbin to "12 months at the Ohio Department of Correction and Rehabilitation [*sic*] [with] * * * credit for 161 days previously served" at the Putnam County Jail, and refused to account for the time it had previously ordered Corbin to serve at the W.O.R.T.H. Center "in lieu of jail time." This resentence imposes a sentence greater than permitted by statute. See R.C. 2929.13(G)(1) and 2929.16(A). Accordingly, because there is no basis upon which the court may impose a sentence not in accordance with law, the entry of judgment here was an abuse of discretion. *State v. Hill* (1994), 70 Ohio St.3d 25, 29, 635 N.E.2d 1248, 1252; *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 14, 213 N.E.2d 179, 180–181; and *Tutt,* 44 Ohio App.3d 138, 541 N.E.2d 1090. Accordingly, that judgment must be reversed and the cause remanded for sentencing according to law. Corbin's first assignment of error is also sustained.

The judgment of the Putnam County Court of Common Pleas is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

SHAW and WALTERS, JJ., concur.