OPINION.
In June 1999, the trial court found that defendant-appellant Gregory Roy had violated the terms of the community control that it had previously imposed for two fourth-degree felonies (operating a motor vehicle while under the influence ["OMVI"]) committed in 1997 and 1998. The violations were predicated upon Roy's indictment for his fourteenth OMVI offense in April 1999, and they resulted in a sentence of consecutive eighteen-month prison terms for the 1997 and 1998 offenses. The prison terms were to be served in the Department of Rehabilitation and Correction. Roy appeals, claiming that any confinement imposed for violating community control had to be served locally, and could not be served consecutively.
The propriety of the longest sentence of incarceration for a fourteen-time OMVI offender is beyond useful debate. But the frequent legislative changes to the felony OMVI statutes, discussed below, have created a scheme of Byzantine complexity. Determining what constitutes the longest possible period of incarceration is a problem for judges and lawyers alike, who must try to apply the law to individual cases. In this case, because the consecutive sentences for the community-control violations were not authorized at the time they were imposed, we vacate those sentences and remand the cause to the trial court.
 FACTS The 1997 OMVI Offense
On June 3, 1997, Roy was stopped and found to be driving while under the influence. He had a blood alcohol concentration of .267 — almost triple the legal limit. Because Roy had three or more prior OMVI convictions in the previous six years this was to be his twelfth — he was indicted for the first time as a felony offender. See R.C. 4511.99(A)(4). On July 11, 1997, he entered a plea of guilty to OMVI as a fourth-degree felony and was sentenced to a prison term of eleven months in the Department of Rehabilitation and Correction, in the case numbered B-9704136.
Upon Roy's motion in September 1997, the trial court vacated that sentence and permitted him to withdraw his plea. As the trial court recognized, pursuant to R.C. 2929.13(G)(1) and4511.99(A)(4)(a), it could not then order Roy, a first-time fourth-degree-felony OMVI offender, to serve "a prison term" in the department of correction.
The 1998 OMVI Offense
While awaiting trial on the 1997 charge, in March 1998, Roy was again arrested for driving while under the influence and charged in the case numbered B-9802106.
Local Incarceration and Community Control for Committing theUnderlying Offenses
On May 18, 1998, Roy entered a no-contest plea to the 1997 charge and was sentenced to sixty days' local incarceration and five years of community control. As part of the community-control sanction, Roy was to serve an additional seven months in jail consecutive to the sixty-day confinement. In the same proceeding, Roy also entered a no-contest plea to the 1998 charge and was sentenced to sixty days of local incarceration and five years of community control. As part of the community-control sanction, Roy was to serve an additional nine months in jail consecutive to the sixty-day confinement. The sentences for the two offenses were to run consecutively for a total period of nearly twenty months' confinement less credit for time already served in the department of correction.
Community-Control Violations
In 1999, Roy was mistakenly released from jail and was again arrested for OMVI. The breathalyzer reading in this instance was.336. In response to an April 1999 indictment, numbered B-9902567, he appeared before the trial court to respond both to the latest OMVI charge and to alleged violations of the community-control sanctions imposed for the 1997 and 1998 offenses. Following a lengthy hearing, which included submission of sentencing memoranda from the parties, the trial court, on June 21, 1999, accepted a plea of guilty to the 1999 offense — Roy's third OMVI felony.
The trial court's entries state that Roy was to serve a prison term of eighteen months in the department of rehabilitation and correction for the 1999 offense. That sentence was to be consecutive to another eighteen-month prison term in the department of correction for the violation of the community-control sanctions resulting from the 1998 offense, and to a third eighteen-month prison term in the department of correction for the violation of the community-control sanctions resulting from the 1997 offense. The aggregate time of confinement in the department of correction was four and one-half years. It is from these June 21, 1999, entries revoking community control for the 1997 and 1998 offenses that Roy appeals.
 ISSUES ON APPEAL
In two assignments of error, Roy argues that the trial court could not sentence him to a prison term for his "probation violation" in the 1997 and 1998 cases, because a prison term was not an available sentence for the underlying offenses. In two additional assignments of error, he contends that the penalties imposed for violating community control could not be served consecutively.
Initially, it is important to note that Roy has not appealed the sentence imposed for the 1999 offense. Moreover, neither party filed a notice of appeal from the original sentences imposed for the 1997 and 1998 OMVI offenses. Absent a notice of appeal filed within thirty days of judgment by either Roy or the state, this court cannot review the sentences imposed in the original judgments of the trial court. See R.C. 2953.08(E); see, also, App.R. 4.
The consecutive eighteen-month prison terms in dispute were imposed, in June 1999, for violations of the community-control sanctions in the 1997 and 1998 cases. The violations were predicated upon Roy's third felony OMVI conviction and his failure to report. The trial court imposed the consecutive eighteen-month prison terms pursuant to its construction of R.C. 2929.15(B). Roy urges that the trial court could impose only concurrent one-year terms of local incarceration for the violations. The state argues, on the other hand, that the sentencing limitations of R.C.2929.13(G)(1) only applied at the time of sentencing for the underlying offenses, and that the trial court could have treated Roy as an ordinary fourth-degree felon, and imposed the maximum sentence for the community-control violations: consecutive eighteen-month prison terms.
 FELONY OMVI SENTENCING SCHEME
At all times pertinent to the proceedings in the trial court, when an offender who had three or more prior OMVI convictions within a six-year period committed another OMVI offense, that offense constituted a felony of the fourth degree. See R.C.4511.99(A)(4)(a). But, with the enactment of S.B. No. 60, effective in 1997, the legislature created penalties for felony OMVI offenders different from those for felony offenders in general. The primary difference was that, for first-time felony OMVI offenders, the trial court was required to impose a mandatory sixty-day term of local incarceration. See R.C. 2929.13(G)(1) and 4511.99(A)(4)(a).
The first-time felony OMVI offender, unlike all other felony offenders, was to serve his sentence of confinement in a local jail or other residential facility run by a political subdivision of the state, not in a prison operated by the department of rehabilitation and correction.[1] See State v. Corbin (1999),131 Ohio App.3d 239, 243, 722 N.E.2d 154, 157. As the Twelfth Appellate District has noted, "for purposes of interpreting Chapter 29 of the Revised Code, `jail' and `prison' are distinct terms that are not interchangeable." State v. Maloney (Sept. 27, 1999), Clermont App. No. CA99-01-006, unreported.
In addition to the mandatory sixty-day term, the trial court could impose a term of local confinement of up to one year in length, see R.C. 2929.16(A)(3), community control sanctions for a five-year period, see R.C. 2929.13(G)(1) and 2929.15, and certain other discretionary sanctions. See, generally, Painter and Looker, Ohio Driving Under the Influence Law (1999 Ed.), Section 19.10 et seq., 231-234.
Under the statutory scheme in effect at Roy's 1998 sentencing, a subsequent felony OMVI offender who had previously been sentenced to a mandatory term of local incarceration was not eligible for another sentence of local incarceration, and pursuant to S.B. No. 111, effective March 17, 1998, community control was not an available sentencing option. See R.C. 2929.13(G)(2).
In this case, when the trial court originally sentenced Roy for the 1997 and 1998 offenses, he was treated as a first-time felony OMVI offender for both offenses. On the state of the record available for review, which does not disclose whether Roy "previously [had] been sentenced to a mandatory term of local incarceration," we cannot say that those sentences were wrong. In any event, because no appeal was taken from the judgment entries imposing the sentences, they are not subject to collateral attack. See Morton Internatl. Inc. v. Continental Ins. Co.
(1995), 104 Ohio App.3d 315, 320, 662 N.E.2d 29, 32.
 PENALTIES FOR COMMUNITY-CONTROL VIOLATIONS
In his first and third assignments of error, Roy claims that the trial court was without authority to impose a prison term as punishment for community-control violations committed by a first-time felony OMVI offender. The state responds that the local-incarceration-only requirement applied only when an offender was being sentenced for the underlying offense, and not when a sentence was imposed for a community-control violation.
In accordance with the felony sentencing scheme, the trial court could punish an offender for a community-control violation in one of three ways: (1) by lengthening the term of the community-control sanction; (2) by imposing a more restrictive community-control sanction; or (3) by imposing a prison term on the offender pursuant to R.C. 2929.14. See R.C. 2929.15(B). Under the ordinary situation contemplated by the statutory scheme, a fourth-degree felony offender violating a community-control sanction could be punished by a prison term of six to eighteen months. See R.C. 2929.14(A)(4). Here, the trial court imposed the maximum prison term in accordance with the warning it had given during the May 1998 sentencing hearing:
Now, if you violate the terms and conditions of your community control, that's another matter, and that's where this 18 months can come in. Do you understand that? Do you understand that?
But the changes enacted by the legislature to exempt first-time felony OMVI offenders from a prison term at sentencing also limited a trial court's ability to punish offenders who had violated the terms of their community-control sanctions. As noted by the Third District Court of Appeals in its review of a trial court's imposition of an eighteen-month prison term upon a first-time felony OMVI offender for violating community-control sanctions, a sentence imposed for violating the sanctions "must be in accordance with R.C. 2929.14, and `within the range of prison terms available for the offense for which the sanction that was violated was imposed.'" State v. Rhoda (Sept. 29, 1999), Henry App. No. 7-99-03, unreported, quoting R.C. 2929.15(B).
Thus, any punishment imposed in accordance with R.C. 2929.14(A) could not include a definite prison term if that prison term was "prohibited by division (G)(1) of section 2929.13 of the Revised Code * * *." See State v. Corbin, 131 Ohio App.3d at 242,722 N.E.2d at 157. As no prison term was available for a first-time felony OMVI, and the trial court had twice treated Roy as a first offender, a prison term was not among the range of punishments available for violation of the community-control sanctions imposed as punishment for his offenses. See id. at 242,722 N.E.2d at 243; see, also, State v. Rohda.
Therefore, the trial court erred by imposing the ordinary fourth-degree-felony penalties for the community-control violations in this case. The first and third assignments of error are sustained.
Consecutive sentences and OMVI
Roy contends, in his second and fourth assignments of error, that the trial court could not sentence him, as a first-time felony OMVI offender, to consecutive terms of incarceration for violating community-control sanctions. The state replies that R.C. 2929.14(E)(4) provided that multiple sentences could be imposed consecutively if the trial court made the requisite findings. In the June 1999 sentencing proceedings, the trial court made the following findings that would amply support the imposition of consecutive terms: that Roy was under community control when he committed his fourteenth OMVI in 1999; that, due to Roy's history of repeated OMVI offenses and other criminal violations, consecutive sentences were necessary to protect the public from future crime; and that consecutive sentences were not disproportionate to the seriousness of Roy's conduct and to the danger he posed to the public.
The error in the state's argument is, once again, that the legislature prohibited the trial court from imposing a "prison term" upon a first-time felony OMVI offender. The Ohio multiple-sentence statute provides that multiple sentences are ordinarily to be served concurrently. See R.C. 2929.41(A). However, R.C. 2929.14(E)(4) permits the imposition of consecutive sentences when, as here, a trial court makes the requisite findings, and when "multiple prison terms are imposed." As the trial court could not impose a "prison term" for the 1997 and the 1998 offenses, R.C. 2929.14(E) had no application and the presumption of concurrent sentences expressed in R.C. 2929.41
prevailed. We agree with the holding of the Twelfth District Court of Appeals:
A plain reading of R.C. 2929.14(E)(4), which addresses consecutive sentencing when there are "multiple prison terms," in conjunction with R.C. 2929.13(G)(1), which prohibits a court to impose a "prison term" on a first-time DUI felony offender, leads to the conclusion that the jail term of a first-time DUI felony offender cannot be imposed consecutively to a prison term under R.C2929.14(E)(4).
State v. Maloney; see, also, State v. Kroger (Apr. 3, 2000), Clermont App. No. CA99-05-050, unreported. The second and fourth assignments of error are sustained.
 CONCLUSION
In State v. Maloney, an offender was serving a one-year prison term when he was sentenced as a first-time felony OMVI offender to a one-year term of local incarceration to be served consecutively to the prison term. The court of appeals modified the trial court's sentence, ordering the offender to serve his local incarceration concurrently with the prison term, and provided specific guidance as to which penalty was to be served first. The same court, in State v. Kroger, merely vacated the consecutive sentences. Here, we believe that, in light of the numerous recent changes in the felony OMVI statutes, and in light of the paucity of information available to this court on the actual status of Roy's various terms of confinement, the trial court is in the better position to effect the overriding principles of the felony scheme in Roy's resentencing. Therefore, the consecutive prison terms imposed on June 21, 1999, for violation of the community-control sanctions in the 1997 and 1998 cases, are vacated.
We remand this cause to the trial court for further proceedings consistent with this Opinion and with the law. We note that the May 2000 amendments to the sentencing scheme now give discretion to trial courts as to the place of incarceration for first-time felony OMVI offenders. Because Roy was sentenced to local incarceration for the 1997 and 1998 offenses, because the trial court treated him as a first-time felony offender in both cases, sentencing him to local incarceration, and because those judgments were not appealed, on remand any incarceration now imposed for violating community control is subject to the following conditions:
it may not be more than twelve months in length
it may not involve consecutive terms, and
it must be served locally.
Sentences vacated and cause remanded.
 Doan, P.J., and Painter, J., concur.
[1] Under the latest statutory scheme, embodied in Am.Sub.S.B. No. 22, effective May 17, 2000, the trial court now has discretion in determining where the mandatory incarceration is to be served. It may be served as local incarceration or as a prison term under the auspices of the Department of Rehabilitation and Correction.