OPINION
On September 22, 1997, the Coshocton County Grand Jury indicted appellant, Thomas Johnson, on one count of operating a motor vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A). The offense was charged as a felony of the fourth degree. On November 13, 1997, appellant pled guilty to the charge. By judgment entry filed February 9, 1998, the trial court sentenced appellant to a mandatory term of sixty days in jail, imposed three years community control sanctions and a $750.00 fine, and permanently revoked his driver's license. The trial court also imposed a special condition of community control sanctions, three hundred four days in jail which included the mandatory sixty days with credit for seventy-eight days time served. On December 7, 1999, appellee, the State of Ohio, filed a motion to revoke appellant's community control sanctions due to his being convicted on August 26, 1999 of operating a motor vehicle while under the influence of alcohol or drugs. A hearing was held on December 20, 1999. By judgment entry filed December 21, 1999, the trial court granted the motion and sentenced appellant to a definite term of seventeen months in prison with credit for three hundred sixty-five days time served. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO A TERM OF IMPRISONMENT FOR HIS FIRST FELONY O.M.V.I. OFFENSE.
 I
Appellant claims the trial court erred in sentencing him to a term of imprisonment for violating a community control sanction related to his first felony OMVI offense. We agree. R.C. 2929.13(G)(1) governs sentencing related to first time felony four OMVI offenses. R.C. 2929.13(G)(1) in effect at the time of appellant's sentencing stated the following: (G) Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:
 (1) Except as provided in division (G)(2) of this section, the court shall impose upon the offender a mandatory term of local incarceration of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code and shall not reduce the term pursuant to section 2929.20, 2967.193, or any other provision of the Revised Code. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison. A mandatory term of local incarceration imposed under division (G)(1) of this section is not subject to extension under section 2967.11
of the Revised Code, to a period of post-release control under section 2967.28 of the Revised Code, or to any other Revised Code provision that pertains to a prison term. (Emphasis added.)
On February 9, 1998, the trial court sentenced appellant to a mandatory term of sixty days in jail and imposed three years community control sanctions. As a special condition of community control sanctions, the trial court sentenced appellant to three hundred four days in jail which included the mandatory sixty days with credit for seventy-eight days time served. This sanction was proper under R.C. 2929.16. Thereafter, appellee filed a motion to revoke appellant's community control sanctions due to his being convicted on August 26, 1999 of operating a motor vehicle while under the influence of alcohol or drugs. By judgment entry filed December 21, 1999, the trial court found appellant had in fact violated the terms of his community control sanctions. As a result of these violations, the trial court ordered the following: The Court finds pursuant to R.C. § 2929.14(B) that the shortest prison term will not adequately protect the public from future crime by the defendant or others and would demean the seriousness of the defendant's conduct. Therefore, it is the Order of this Court that the Defendant be sentenced to a definite term of 17 months confinement in a State Penal Institution as supervised by the Ohio Department of rehabilitation and corrections for the offense of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs, contrary to and in violation of Section 4511.19(A) of the Ohio Revised Code, a Felony of the Fourth Degree. Said sentence is to be served consecutively to any sentence of any other court.
It is appellant's position that R.C. 2929.13(G)(1) barred the trial court from imposing any penal institution time even though appellant failed to live by the community control sanctions. R.C.2929.15 governs community control sanctions. Subsection (B) provides the right of a trial court to impose a prison term if community control sanctions are violated: (B) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section2929.19 of the Revised Code. The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed.
The issue raised by this appeal is whether a first time felony four OMVI offender who violated a community control sanction can be sentenced to a term of imprisonment under R.C. 2929.14. In support of his position, that a trial court cannot impose any penal institution time, appellant cites the case of State v. Corbin (1999), 131 Ohio App.3d 239. In Corbin at 242, our brethren from the Third District, in reviewing the same issue sub judice, held the following: Nonetheless, the state argues that pursuant to R.C. 2929.15(B) a court may impose `a more restrictive sanction,' including a prison term upon an offender found to have violated terms of his community control. However, a complete reading of that statute indicates a court may impose only `a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code.' (Emphasis added.) These specific sections of the sentencing statute apply only to more restrictive community control sanctions and do not authorize a court to impose a prison term when conditions of community control are violated. Furthermore, R.C.2929.15(B) requires that any prison term imposed for violating a community control sanction be `pursuant to section 2929.14 of the Revised Code.' R.C. 2929.14(A) expressly excepts from its operation `division (G)(1) of section 2929.13 of the Revised Code,' relating to the appropriate punishment for first time felony OMVI offenders.
In State v. Roy (June 9, 2000), Hamilton App. Nos. C-990509 
C-990510, unreported, our brethren from the First District reviewed the same issue and held the following: In accordance with the felony sentencing scheme, the trial court could punish an offender for a community-control violation in one of three ways: (1) by lengthening the term of the community-control sanction; (2) by imposing a more restrictive community-control sanction; or (3) by imposing a prison term on the offender pursuant to R.C.2929.14. See R.C. 2929.15(B). Under the ordinary situation contemplated by the statutory scheme, a fourth-degree felony offender violating a community-control sanction could be punished by a prison term of six to eighteen months. See R.C.2929.14(A)(4). Here, the trial court imposed the maximum prison term in accordance with the warning it had given* * *.
* * *
But the changes enacted by the legislature to exempt first-time felony OMVI offenders from a prison term at sentencing also limited a trial court's ability to punish offenders who had violated the terms of their community-control sanctions. As noted by the Third District Court of Appeals in its review of a trial court's imposition of an eighteen-month prison term upon a first-time felony OMVI offender for violating community-control sanctions, a sentence imposed for violating the sanctions `must be in accordance with R.C. 2929.14, and "within the range of prison terms available for the offense for which the sanction that was violated was imposed."' State v. Rhoda (Sept. 29, 1999), Henry App. No. 7-99-03, unreported, quoting R.C. 2929.15(B).
Thus, any punishment imposed in accordance with R.C. 2929.14(A) could not include a definite prison term if that prison term was `prohibited by division (G)(1) of section 2929.13 of the Revised Code * * *.' See State v. Corbin, 131 Ohio App.3d at 242,722 N.E.2d at 157.
We concur with the reasoning cited above. Therefore, we find the trial court erred by imposing an ordinary fourth degree felony penalty for the community control sanctions violation in this case. The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby reversed and remanded.
 ____________________ Farmer, J.
Gwin, P.J. and Wise, J. concur.