DECISION AND JUDGMENT ENTRY
These are consolidated appeals from several judgments entered by the Scioto County Common Pleas Court with respect to the previous conviction of Roger A. Combs, defendant below and appellant herein, for driving under the influence of alcohol (hereinafter "OMVI"), in violation of R.C. 4511.19(A)(2) which, in this case, was a fourth degree felony pursuant to R.C.4511.99(A)(4)(a). The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN SENTENCING MR. COMBS TO PRISON FOR VIOLATING HIS COMMUNITY CONTROL SANCTIONS IMPOSED UPON HIM FOR HIS FIRST-FELONY OMVI OFFENSE. (SENTENCING ENTRY OF OCTOBER 21, 1999)."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN GRANTING MR. COMBS'S MOTION FOR JUDICIAL RELEASE, BECAUSE JUDICIAL RELEASE IS ONLY AVAILABLE TO OFFENDERS WHO ARE SERVING PRISON TIME. (ENTRY OF DECEMBER 17, 1999, GRANTING JUDICIAL RELEASE)."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN LENGTHENING THE SUSPENSION OF MR. COMBS'S RIGHT TO OBTAIN A DRIVER'S LICENSE TO FIVE YEARS. (ENTRY OF OCTOBER 21, 1999, P. 3)."
A brief summary of the facts pertinent to this appeal is as follows. On May 12, 1997, the Scioto County Grand Jury returned an indictment charging appellant with felony OMVI in that he had three (3) or more prior convictions for the same offense within the previous six (6) years. He ultimately pled guilty to the charge and, on October 29, 1997, was sentenced to sixty (60) consecutive days in the Scioto County Jail together with five (5) years of community control sanctions and six (6) months of "intensive supervision probation." The trial court ordered appellant to "abide by all laws" and "to consume NO alcohol or drugs."
Despite that order, in the summer of 1999 appellant was convicted of yet another OMVI offense. The trial court thereupon held a hearing to determine whether appellant had violated his "probation terms and conditions" in this case. The trial court concluded that he had and, on October 12, 1999, revoked the previously imposed community control sanctions and ordered appellant to serve nine (9) months imprisonment with the Ohio Department of Rehabilitation and Corrections. Appellant filed his first notice of appeal (Case no. 99CA2679) from that judgment.
On November 22, 1999, appellant also filed a motion for "judicial release." Appellant asserted that since being in prison he had attended "AA meetings," had incurred no disciplinary problems and was needed at home to care for an ailing mother and to help provide for his wife and child. The trial court held a hearing on the motion and on December 17, 1999, granted appellant judicial release. The trial court also sentenced appellant to five (5) years community control sanctions from the original conviction date (10/29/97) and ordered appellant to, inter alia, abide by all laws and to consume no alcohol or non-prescribed drugs. Appellant filed his second notice of appeal (Case no. 00CA2692) from that judgment. Subsequently, this Court ordered the two (2) appeals consolidated and they are now properly before us for review.
Appellant argues in his first assignment of error that the trial court had no authority to sentence him to a state prison term for violating the community control sanctions that were imposed after his original conviction. The State concedes that this argument is correct and we agree with it as well. Our analysis begins with the proposition that an OMVI offense committed by someone who has been convicted of three (3) or more such offenses within the previous six (6) years is a fourth degree felony. R.C. 4511.99(A)(4)(a). The available prison sentences for fourth degree felonies generally range from six (6) to eighteen (18) months. R.C. 2929.14(A)(4). However, the penalties for felony OMVI are different from those for "ordinary" fourth degree felonies. See Painter Looker, Ohio Driving Under the Influence Law (1998) 224, § T 19.10. Sentencing for felony OMVI has its own criteria spread out over an array of several different statutory provisions. The first of these provisions is R.C. 4511.99(A)(4)(a) which states, inter alia, as follows:
 The court shall sentence the offender in accordance with sections 2929.11 to 2929.19 of the Revised Code and shall impose as part of the sentence a mandatory term of local incarceration of sixty consecutive days
of imprisonment in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days of imprisonment
in accordance with division (G)(2) of that section, whichever is applicable. (Emphasis added.)
That brings us to R.C. 2929.13(G) which states in part as follows:
 Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:
 (1) Except as provided in division (G)(2) of this section, the court shall impose upon the offender a mandatory term of local incarceration of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code . . . The Court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison. (Emphasis added.)
In effect, these statutory provisions create a two-tiered sentencing system for felony OMVI convictions. The first tier applies to first time convictions for felony OMVI and mandates sixty (60) days of "local incarceration." R.C. 2929.13(G)(1);also see State v. Wilton (May 12, 1999), Lucas App. No. L-99-1056, unreported. A first time felony OMVI offender cannot be sentenced to a greater term of incarceration or be ordered to serve that term in a state prison. See State v. Ferguson (Aug. 19, 1999), Pickaway App. No. 99CA6, unreported. However, if the offender has previously been convicted of a fourth degree felony OMVI, then that offender falls into the second tier of sentencing which also requires a sixty (60) day term of imprisonment. See
R.C. 2929.13(G)(2). This time, however, the sentence is to be served in a state prison rather than "local incarceration." Id.
The trial court may also impose additional prison time commensurate with any other fourth degree felony. R.C.2929.14(D)(4).
It appears from the record that the instant case represents appellant's first fourth degree felony OMVI conviction. He was therefore subject to sanction under subsection (G)(1) of R.C.2929.13 which requires that he be given a mandatory sixty (60) day period of "local incarceration." This was precisely the sentence that the trial court imposed in its October 29, 1997 judgment. In addition, the court ordered appellant to serve a five (5) year period of community control sanctions pursuant to R.C. 2929.15(A)(1). The imposition of such sanction was well within the court's discretionary authority.[1]
However, once appellant violated those sanctions the available punishments were limited by R.C. 2929.15(B). That provision restricts a trial court from imposing any prison sentence greater than the range of prison terms available for the offense itself. The provisions of R.C. 2929.13, as discussed above, do not provide for prison terms for first time felony OMVI convictions. Thus, the trial court erroneously imposed such a sentence f or violation of the community control sanctions. SeeState v. Corbin (1999), 131 Ohio App.3d 239, 243, 722 N.E.2d 154,157; also see State v. Rohda (Sep. 29, 1999), Henry App. No. 7-99-03, unreported.
Accordingly, appellant's first assignment of error is well taken and sustained and the trial court's October 12, 1999 judgment is hereby reversed.[2] That being said, appellant's two (2) remaining assignments of error (which address events taking place after entry of that judgment) are rendered moot and will be disregarded pursuant to App.R. 12(A)(1)(c). The cause sub judice
is remanded for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.
JUDGMENT ENTRY
It is ordered that the judgment be reversed, that the cause be remanded for further proceedings and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
[1] The provisions of R.C. 2929.15(A)(1) state inter alia
that, "[i]f in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions . . ."
[2] We note at this juncture that we are indeed sympathetic to the plight of trial courts in attempting to craft appropriate sentences under the Ohio Revised Code. In State v. Ferguson
(Aug. 19, 1999), Pickaway App. No. 99CA6, unreported, we wrote:
 "We would emphasize that nothing in this opinion should be construed as criticism for the manner by which sentencing was handled below. This Court is sympathetic to the trial court and understands that the problem lies with the convoluted sentencing statutes. It is also worth repeating that the sentencing in this case required consideration of numerous statutes scattered over two (2) chapters of the Revised Code. This is absurd. Neither the trial court nor this Court should be required to engage in a "scavenger hunt" for relevant provisions in the code. Those provisions should instead be consolidated in fewer statutes which are more easily located."