DECISION AND JUDGMENT ENTRY
Bobby Pierce appeals a judgment of the Jackson County Court of Common Pleas sentencing him to a term of incarceration following revocation of his community control sanction.
Appellant was indicted by the Jackson County grand jury on one count of felony OMVI under R.C. 4511.19(A)(3), which, in this case, was a felony of the fourth degree under R.C. 4511.99(A)(4)(a). Appellant pled guilty and the trial court sentenced him to a term of 12 months in the Jackson County jail. The court suspended 10 months of appellant's jail sentence and placed him on community control with certain conditions.
Appellant violated the terms of his community control release and the trial court subsequently imposed a prison term of 12 months in a state penal institution. Appellant filed a motion to correct the sentence,[1]
which the trial court denied. From that judgment entry, appellant filed a timely notice of appeal raising the following assignment of error:
"The trial court erred in sentencing Mr. Pierce to prison for violating the community control sanctions imposed for his first felony OMVI."
Under R.C. 2953.08(A)(3), a defendant has an appeal of right where the sentence is alleged to be contrary to law. An appellate court may not disturb an imposed sentence unless it finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. R.C. 2953.08(G)(1)(a) and (d); see, also State v. Holsinger
(Nov. 20, 1998), Pike App. No. 97CA605, unreported. We find that the sentence imposed by the trial court is contrary to law because the court did not have statutory authority to sentence appellant to a term of prison as a sanction for violating his original community control sanction.
When an offender violates community control sanctions and is sentenced, the courts are restricted under R.C. 2929.15(B) from imposing any prison term sentence greater than the range of prison terms available for the underlying offense itself. See State v. Corbin (1999),131 Ohio App.3d 239; State v. Ferguson (Aug. 19, 1999), Pickaway App. No. 99CA6, unreported. Because prison was not an option for the original underlying offense, there is no statutory authority to impose a prison term for violation of the community control sanction.
Appellant was originally sentenced following conviction for fourth degree felony OMVI. The penalties for fourth degree felony OMVI offenses are different from other fourth degree felonies. The applicable statutes provide that a first time fourth degree felony OMVI offender can be sentenced to no more than a maximum of one (1) year of local
incarceration, which includes a sixty (60) day period of mandatory incarceration. See Ferguson, supra, citing R.C. 2929.13(G)(1); R.C.2929.16(A)(3); 4511.99(A)(4)(a). See, also, State v. Schofield (Dec. 10, 1999), Washington App. No. 99CA10, unreported. Incarceration in a state penal institution is not an option. R.C. 2929.13(G)(1).
Because the trial court did not have statutory authority to sentence appellant to a term of prison for a first time felony OMVI offense under R.C. 2929.13(G)(1), it could not impose a prison sentence here because the sanction imposed for a violation of community control must be within the range of sentences possible for the underlying offense. See R.C.2929.15. See, also, State v. Rohda (1999), 135 Ohio App.3d 21; Corbin,supra; State v. Combs (Aug. 19, 1999), Pickaway App. No. 99CA6, unreported; Ferguson, supra; State v. Mayer (Aug. 26, 1999), Cuyahoga App. No. 75639, unreported.
Because the trial court's sentence is contrary to law, its judgment is reversed and the matter is remanded for resentencing.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
[1] The trial court has authority to re-consider and correct a void sentencing entry without implicating a defendant's double jeopardy rights. See State v. McColloch (1991), 78 Ohio App.3d 42, citing Statev. Beasley (1984), 14 Ohio St.3d 74, 75.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion
 _______________________ William H. Harsha, Judge