DECISION AND JUDGMENT ENTRY
Richard E. Bay appeals the eighteen-month prison sentence imposed upon him by the Washington County Court of Common Pleas for violating the conditions of his community control sanction. Bay asserts that the sentence is contrary to law because it exceeds the range of prison terms available for his underlying offense, a felony OMVI under R.C.4511.19(A)(1) and (3) which, in his case, was a felony of the fourth degree under R.C. 4511.99(A)(4)(a). Because the trial court did not have the statutory authority to sentence Bay to a prison term for a first time felony OMVI offense under R.C. 2929.13(G)(1), as no prison term was within the range of sentences possible for the underlying offense, we agree. Accordingly, we reverse the judgment of the trial court.
 I.
Bay pled guilty to a charge of operating a motor vehicle while under the influence of drugs or alcohol ("OMVI"), a violation of R.C.4511.19(A)(1) and (3), on May 21, 1999. Pursuant to R.C. 4511.99(A)(4)(a), because Bay had three prior OMVI convictions, the offense was a felony of the fourth degree. On June 29, 1999, the trial court sentenced Bay to a one-year term of incarceration at the Washington County Jail, a five-year term of community control, and a five-year suspension of his driver's license.
Shortly after Bay was released from jail, his state parole/probation officer, Leslie Linscott, filed two complaints alleging that Bay violated the terms and conditions of his community control. Bay admitted to the allegations that he violated three conditions of his community control, and the state agreed to dismiss a fourth charge.
The trial court found that Bay violated three conditions of his community control. As a result, the court sentenced Bay to an eighteen-month term of incarceration in a prison, the Orient Correctional Facility, with credit for the two hundred ninety days he served in the Washington County Jail. Bay timely appeals, asserting the following single assignment of error:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A TERM OF PRISON INCARCERATION FOLLOWING A VIOLATION OF COMMUNITY CONTROL SANCTIONS, WHERE SENTENCE WAS NOT WITHIN RANGE OF PRISON TERMS AVAILABLE FOR THE OFFENSE FOR WHICH THE SANCTION THAT WAS VIOLATED WAS IMPOSED.
 II.
Bay argues that the trial court erred in sentencing him to eighteen months in prison because the maximum sentence available for a first time fourth degree felony OMVI offense at the time of his original sentence was one year of local incarceration. The state concedes that this court has previously held that first time felony OMVI offenders cannot be sentenced to a jail term of more than one year or to any prison term, but urges us to reconsider the issue.
Pursuant to R.C. 2953.08(A)(3), a defendant has the right to appeal a sentence alleged to be contrary to law. Our court may not disturb a sentence unless we find, by clear and convincing evidence, that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(1)(a) and (d); see, also, State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, unreported.
In sentencing an offender who has violated community control sanctions, courts are restricted under R.C. 2929.15(B) from imposing any prison term sentence greater than the range of prison terms available for the underlying offense itself. State v. Corbin (1999), 131 Ohio App.3d 239;State v. Pierce (Mar. 5, 2001), Jackson App. No. 00CA14, unreported. R.C. 2929.15(B) states, in pertinent part:
 If the conditions of a community control sanction are violated[,] * * * the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed * * *.
Thus, the sanction imposed for a violation of a community control sanction must be within the range of sentences possible for the underlying offense. R.C. 2929.15; Pierce, citing State v. Rohda (1999),135 Ohio App.3d 21; Corbin, supra; State v. Combs (Aug. 19, 1999), Pickaway App. No. 99CA6, unreported; State v. Mayer (Aug. 26, 1999), Cuyahoga App. No. 75639, unreported.
The penalties available for fourth degree felony OMVI offenses, both at the time of Bay's sentencing and currently, are different from those available for other fourth degree felonies. See Pierce, supra. A first time fourth degree felony OMVI offender can be sentenced to no more than a maximum of one year of local incarceration, which includes a sixty-day period of mandatory incarceration. R.C. 4511.99(A)(4)(a) and R.C.2929.13(G)(1).[2] See, Pierce; State v. Schofield (Dec. 10, 1999), Washington App. No. 99CA10, unreported. Incarceration in a state prison is not an option. R.C. 2929.13(G)(1); Pierce; Schofield.
In this case, Bay was convicted and sentenced on a first time fourth degree felony OMVI charge. Thus, the maximum term of incarceration to which he could have been sentenced was one year of local incarceration. Nonetheless, the trial court sentenced him to eighteen months incarceration in a state prison.
We find that the sentence imposed by the trial court is contrary to law because the court did not have statutory authority to sentence appellant to a term of prison or to a term of incarceration greater than one year as a sanction for violating his original community control sanction. Because prison was not an option and a term of incarceration greater than one year was not an option for the original underlying offense, there is no statutory authority for the trial court to impose a prison term or a term greater than one year for violation of the community control sanction. Thus, the trial court did not have statutory authority to sentence appellant to a term of prison or a term greater than one year for a first time felony OMVI offense, and it erred when it imposed the eighteen-month prison sentence.
Since the sentence imposed by the trial court is contrary to law, we sustain Bay's assignment of error. Accordingly, we reverse the judgment of the trial court and remand this matter for resentencing.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment and Opinion.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[2] R.C. 4511.99 has since been amended to permit the court to sentence a fourth-degree felony offender to local incarceration or prison for six to thirty months. R.C. 4511.99(A)(4)(a)(i), as amended by 1999 S.B. 22, eff. May 17, 2000; see, also R.C. 2929.13(G), as amended by 1999 S.B. 22, eff. May 17, 2000.