JOURNAL ENTRY AND OPINION
This is an appeal from orders of Juvenile Division Judge Patrick F. Corrigan that adjudicated appellant, L.B., a delinquent and subsequently found that she violated conditions of the court order of disposition. L.B. claims, inter alia, that her delinquency adjudication must be reversed because there is no record of the proceedings, and that her appeal is timely because she was not served with notice in compliance with Civ.R. 58(B). We reverse and vacate.
On August 11, 1999, a complaint was filed alleging that then fifteen-year-old L.B. committed offenses that would be domestic violence[1] and disrupting public service[2] if committed by an adult, and requesting she be adjudicated a delinquent child under R.C.2151.02. On January 7, 2000, Magistrate Peter A. Murray prepared a report that stated: (1) a hearing was held on January 7, 2000, at which all necessary parties were present; (2) L.B. waived reading of the complaint and waived counsel; and (3) L.B. admitted the allegations in the complaint. The magistrate found her delinquent, placed her on probation, and scheduled further proceedings for placement planning.
On May 8, 2000, the magistrate prepared another order, which stated that a dispositional hearing had been held and that L.B. should be placed at Marycrest, a residential facility. On May 9, 2000, the judge approved the dispositional order and it was journalized. Nothing in the record indicates that the magistrate's decisions or the judgment entry evidencing the judge's approval of the disposition were served on the parties. The record contains no transcript of the adjudicatory or dispositional hearings.
On January 4, 2001, L.B.'s probation officer, alleging that she failed to follow the rules and expectations of the Marycrest facility, moved to find her in violation of the May 9, 2000 order. On January 24, 2001, the magistrate prepared a report that showed L.B. had again waived her right to counsel and admitted the allegations.
On February 1, 2001, the magistrate signed a decision that recommended L.B. be committed to the Department of Youth Services (DYS) for a minimum term of six months and a maximum period lasting until L.B.'s twenty-first birthday. The decision purported to follow a dispositional hearing at which the magistrate presided, although that hearing was not held until February 7, 2001. The report was approved by the judge and journalized on February 15, 2001, again without any record of service on the parties. On March 23, 2001, the judge approved the magistrate's recommendation to terminate the DYS commitment and refer L.B. to a program for mentally ill offenders.
L.B. appealed the judgment finding her in violation of the court order, and later filed a separate notice of appeal from the May 9, 2000 delinquency adjudication and disposition, accompanied by a request for leave to file a delayed appeal. On May 24, 2001, the motion for delayed appeal was denied and that appeal (Cuyahoga App. No. 79588) was dismissed.
On June 13, 2001, the Ohio Supreme Court decided In re Anderson,[3]
which held that juvenile judgment entries are subject to Civ.R. 58(B) requirements concerning service and recording of service. L.B. then appealed the May 9, 2000 orders again, averring that her appeal was timely under App.R. 4(A) because the juvenile court had failed to effect or record service.
The first of her four assignments of error states:
 I. The Trial Court Committed Reversible Error When it Failed to Create a Complete Record in Violation of [Juv.R.] 37(A).
L.B. claims that her initial delinquency adjudication and disposition must be reversed because there is no transcript of the hearings held in those proceedings, as is required under Juv.R. 37(A). She claims her appeal is timely under App.R. 4(A) because the orders were not served in accordance with Civ.R. 58(B), as required by Anderson.[4] The State counters that the appeal of the May 9, 2000 orders is untimely regardless of whether the juvenile court complied with Civ.R. 58(B) because L.B. had actual notice of her adjudication and disposition. We disagree.
Where a court has failed to comply with Civ.R. 58(B), App.R. 4(A) requires a notice of appeal to be filed within thirty days of service of the notice of judgment and its entry * * *. Even if service is not made within three days as required by Civ.R. 58(B), App.R. 4(A) still requires service of the notice, and adequate proof thereof, before the thirty-day period begins; actual notice is irrelevant.[5] Anderson's bright-line rule based on service aids efficient determination of this procedural issue, while an actual notice rule would open the door to more complicated factual questions unsuited to appellate court determination.
There is no evidence showing that the juvenile court served or attempted to serve any of the judge's or magistrate's journal entries on L.B. or, for that matter, on any other party. Therefore, her appeal of the May 9, 2000 journal entries is timely, and she can challenge the lack of recorded transcripts from her adjudicatory and dispositional hearings.
Juv.R. 37(A) requires the juvenile court to make a record of adjudicatory and dispositional proceedings in * * * delinquent cases as well as proceedings before magistrates. Where, as here, the missing record of proceedings concerns a waiver of counsel and an admission to a complaint, the lack of a record prevents a finding that the magistrate complied with Juv.R. 9 and is reversible without any further showing.[6]
The complete lack of any record of the adjudicatory and dispositional hearings before the magistrate requires reversal of L.B.'s initial delinquency adjudication. The first assignment of error is sustained.
The remaining assignments state:
 II. The Trial Court Violated [L.B.'s] Right to Counsel and Due Process under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution, [R.C.] 2151.352
and [Juv.R.] 4 and [Juv.R.] 29.
 III. The Trial Court Violated [L.B.'s] Right to Notice and Due Process of Law as Guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution When it Did Not Follow the Proper Procedures for Probation Revocation.
 IV. L.B.'s] Admission to the Violation of Court Order Was Not Knowing, Intelligent, and Voluntary, in Violation of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Sections 10
and 16 of the Ohio Constitution, and [Juv.R.] 29.
Because our disposition of the first assignment of error requires the reversal and vacation of L.B.'s admission of delinquency and her delinquency adjudication, her second assignment of error, which also concerns the May 9, 2000 orders, is moot.[7] Furthermore, because the motion for violation of court order stemmed from the delinquency adjudication, the February 15, 2001 ruling is no longer viable and must be reversed and vacated as well. L.B. was committed to DYS after the finding that she violated the court order; however, where the court order and the sanctions for violating it are dependent upon the validity of the underlying delinquency adjudication, reversal of the adjudication necessitates reversal of the violation sanction.[8] Therefore, while the third and fourth assignments are also moot, we reverse and vacate the judgment finding L.B. in violation of the court order because it is dependent upon the underlying adjudication.
Judgments reversed and vacated.
It is ordered that the appellant recover from appellee costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.
[1] R.C. 2919.25(A).
[2] R.C. 2909.04(A).
[3] (2001), 92 Ohio St.3d 63, 2001-Ohio-131, 748 N.E.2d 67.
[4] Id. at 67.
[5] Id.
[6] In re L.D. (Dec. 13, 2001), Cuyahoga App. No. 78750.
[7] App.R. 12(A)(1)(c).
[8] See, e.g., State v. Corbin (1999), 131 Ohio App.3d 239, 242-243,722 N.E.2d 154 (sanction for community control violation cannot exceed that available for underlying offense).