The STATE of Ohio, Appellee,

v.

FINNEY, Appellant.

[Cite as *State v. Finney* (1996), 114 Ohio App.3d 74.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–206.

Decided Sept. 13, 1996.

*John B. Arnsby*, Lucas County Prosecuting Attorney, for appellee.

*Alan J. Lehenbauer*, for appellant.

SHERCK, Judge.

This is an appeal from a driving-under-the-influence-of-alcohol conviction which comes to us from the Maumee Municipal Court. Because we find appellant's argument that his administrative license suspension constitutes a double jeopardy bar to his criminal prosecution unpersuasive, we affirm his conviction. However, because the record fails to reflect statutory factors by which the trial court could have imposed appellant's five-year judicial license suspension, we reverse that portion of his sentence.

On December 27, 1994, appellant, Jeffrey L. Finney, was stopped by an Ohio State Highway patrol trooper for failing to drive within marked lanes and on suspicion of driving while under the influence of alcohol. Following appropriate warnings made pursuant to R.C. 4511.191, appellant refused to take a chemical breath test. Because appellant refused the test, the trooper seized appellant's operator's license, initiating an administrative license suspension pursuant to the statute. The trooper also cited appellant for operating a motor vehicle while under the influence of alcohol, failure to drive in marked lanes, and driving without using a seat belt.

Appellant moved to dismiss the case on the ground that a criminal prosecution subsequent to an administrative license suspension would unconstitutionally subject him to multiple punishments for the same offense. The trial court denied appellant's motion. Appellant entered a plea of no contest and was found guilty of violating R.C. 4511.19(A)(1). The remaining charges were dismissed. Appel-

lant was fined and his operator's license was suspended for five years, less credit for the period of the administrative license suspension. Appellant now brings this appeal, raising the following two assignments of error:

"I.   The trial court committed prejudicial error by failing to grant appellant's motion to dismiss on grounds that the double jeopardy provisions of the U.S. and Ohio Constitutions barred prosecution of appellant after the imposition of an administrative license suspension arising out of the same offense.

"II.   The trial court committed prejudicial error and abused its discretion in sentencing appellant."

## I

■   Appellant's first assignment of error was resolved by the Supreme Court of Ohio's recent decision in *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435.   In *Gustafson,* the court concluded that a criminal prosecution for a violation of R.C. 4511.19 subsequent to an R.C. 4511.191 administrative license suspension does not constitute a violation of the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.   *Id.* at paragraph one of the syllabus.   Accordingly, appellant's first assignment of error is found not well taken.

## II

■   In his second assignment of error, appellant urges us to find that the trial court abused its discretion when it suspended appellant's operator's license for a period exceeding the maximum amount allowed by R.C. 4507.16.   Appellee, in its brief, fails to respond to this assignment of error.

■   "The Court of Appeals cannot hold that a trial court abused its discretion by imposing too severe a sentence on a defendant convicted of violating an ordinance, where the sentence imposed is within the limits authorized by the applicable ordinance and statutes and there is nothing in the record to indicate whether defendant had a past criminal record or what his driving record was or that the trial court in sentencing defendant did not consider any such past records." *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179, paragraph one of the syllabus.

Like appellant, Reasonover was arrested for and convicted of a violation of R.C. 4511.19.   His license was suspended for three years, the maximum allowed under the version of R.C. 4507.16 then in effect.   The record contained nothing to account for the severity of the sentence.   This court found the sentencing an abuse of discretion, but the Supreme Court reversed, holding that there can be no

abuse of discretion in sentencing as long as the court does not exceed the statutory maximum penalty.

This, however, is where the similarities between the cases end. Appellant's position is that the trial court did exceed the maximum allowable penalty. This, in fact, appears to be the case. R.C. 4507.16(B)(1) still provides a maximum license suspension of three years if, within five years prior to the present offense, the offender has not been convicted of or pled guilty to a violation of R.C. 4511.19(A) or (B). A five-year suspension may be imposed only if the offender has had at least one R.C. 4511.19 conviction during the five prior years. Accordingly, the trial court's five-year suspension is within the sentencing statute if, and only if, appellant had a prior conviction of operating a motor vehicle while under the influence of alcohol within the five years preceding his arrest for the present charge.

The record in this case, however, is void of evidence of a prior conviction within the five-year statutory period. It appears that a presentence report was ordered, but it was not made a part of the record, nor was any computer printout of appellant's driving record. The only mention of prior offenses in the record is a notation on the citation, presumably by the arresting trooper, which states, "None w/in 5 yrs." Absent evidence of the required prior conviction, the trial court abused its discretion in sentencing appellant to an enhanced sentence. Accordingly, appellant's second assignment of error is found well taken.

On consideration whereof, the court finds that appellant was improperly sentenced. The judgment of the Maumee Municipal Court is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings in conformity with this opinion. It is ordered that appellee pay the court costs of this appeal.

*Judgment accordingly.*

MELVIN L. RESNICK, P.J., and ABOOD, J., concur.