The STATE of Ohio, Appellee,

v.

ROHDA, Appellant.

[Cite as *State v. Rohda* (1999), 135 Ohio App.3d 21.]

Court of Appeals of Ohio,
Third District, Henry County.

No. 7-99-03.

Decided Sept. 29, 1999.

*John H. Hanna*, Henry County Prosecuting Attorney, for appellee.

*David H. Bodiker*, State Public Defender, and *Thomas R. Wetterer, Jr.*, Assistant Public Defender, for appellant.

WALTERS, Judge.

Appellant, Lewis R. Rohda, appeals a judgment of the Common Pleas Court of Henry County sentencing him for violating conditions of a court-imposed community control sanction without granting credit for time served at a community-based correctional facility. For the reasons expressed in the following opinion, we find that the trial court erred in sentencing appellant. Accordingly, we reverse the judgment of the trial court and remand the matter for further proceedings.

On July 15, 1998, Rohda was convicted of driving under the influence of alcohol, specifically for a violation of R.C. 4511.19(A)(1), a fourth-degree felony. This incident was appellant's fourth DUI conviction within the last six years, and his first felony DUI offense. This offense is punishable by "a mandatory term of local incarceration of sixty days" pursuant to R.C. 2929.13(G)(1), and "a community residential sanction or combination of community residential sanctions" under R.C. 2929.16(A).

Thereafter, Rohda was sentenced to "five (5) years of Community Control [and to] serve the first six months of his Community Control in the Correctional Center of Northwest Ohio (CCNO) [and] that upon serving the six months in the Correctional Center of Northwest Ohio (CCNO), he shall successfully complete the W.O.R.T.H. program."

At sentencing, the trial court granted Rohda one hundred seventeen days credit toward the jail sentence. Although the record is not clear on this issue, it appears that appellant served an additional seventy-seven days in CCNO, after sentencing, pursuant to the sentence imposed thereby. Thereafter, on December 27, 1998, appellant was successfully discharged from the W.O.R.T.H. Center after serving one hundred thirty days incarcerated therein. Consequently, appellant served a total of three hundred twenty-four days of confinement on the charge herein, prior to the sentence appealed from.

In February 1999, appellant was found guilty of violating the terms of the community control sanction. As a result, the trial court revoked the prior sentence of community control and purported to impose "the original sentences [sic] of eighteen months in the Ohio Department of Rehabilitation and Correction." The trial court granted credit for one hundred ninety-four days for time served at CCNO. After the sentencing, appellant moved the trial court to grant him credit for time served at the W.O.R.T.H. Center. The trial court denied appellant's motion.

Appellant now appeals the judgment of the trial court, assigning one error for our review:

"The trial court erred in denying Appellant's motion for jail time credit for time served in the W.O.R.T.H. Center."

As a threshold matter, we are compelled to determine the validity of the prison sentence before we can decide whether credit should have been granted.

The authority to impose a sentence consisting of one or more community control sanctions is found in R.C. 2929.15. A "community control sanction" is defined as a sanction that is not a prison term and that is described in R.C. 2929.15, 2929.16, 2929.17, or 2929.18. See R.C. 2929.01(F). Pursuant to R.C. 2929.15(B), a violation of the terms of a community control sanction affords the trial court three alternatives. The court may (1) impose a longer time under the same sanction, subject to the five-year total limitation of R.C. 2929.14(A), (2) impose a more restrictive sanction under R.C. 2929.16, 2929.17, or 2929.18, or (3) impose a prison term on the offender pursuant to R.C. 2929.14.

The trial court herein, pursuant to R.C. 2929.15(B), found that appellant had violated the terms of the community control sanction and, as a result, imposed the maximum prison sentence for a fourth-degree felony, purportedly in accordance

with R.C. 2929.14(A)(4). We conclude, however, that the trial court lacked subject matter jurisdiction to impose a prison sentence for this offense.

The Ohio Constitutión provides that subject matter jurisdiction must be conferred on the courts by the legislature. *In re Seltzer* (1993), 67 Ohio St.3d 220, 222, 616 N.E.2d 1110–1111. Since the legislature has not granted the court jurisdiction to impose a prison sentence upon appellant in this case, the sentence is void. See *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774.

In *State v. Corbin* (1999), 131 Ohio App.3d 239, 722 N.E.2d 154, we previously held that "an offender not previously convicted of a felony OMVI offense may not be sentenced to prison." See R.C. 2929.13(G)(1) and (2).

While R.C. 2929.15 generally provides that a trial court may impose a prison sentence for a violation of community control, that sentence must be in accordance with R.C. 2929.14, and "within the range of prison terms available for the offense for which the sanction that was violated was imposed."

R.C. 2929.14(A) states:

"[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter *and is not prohibited by division (G)(1) of section 2929.13 of the Revised Code from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following:*

" * * *

"(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." (Emphasis added.)

R.C. 2929.13(G), which modifies the sentencing provisions of R.C. 2929.14(A), states:

"Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

"(1) Except as provided in division (G)(2) of this section, the court shall impose upon the offender a mandatory term of local incarceration of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code and shall not reduce the term pursuant to section 2929.20, 2967.193 [2967.19.3], or any other provision of the Revised Code. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative

residential facility, and the offender shall serve the term in the type of facility specified by the court. *The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison.* A mandatory term of local incarceration imposed under division (G)(1) of this section is not subject to extension under section 2967.11 of the Revised Code, to a period of post-release control under section 2967.28 of the Revised Code, or to any other Revised Code provision that pertains to a prison term.

"(2) If the offender previously has been sentenced to a mandatory term of local incarceration pursuant to division (G)(1) of this section for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory prison term of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code * * * In no case shall an offender who once has been sentenced to a mandatory term of local incarceration pursuant to division (G)(1) of this section for a fourth degree felony OMVI offense be sentenced to another mandatory term of local incarceration under that division for a fourth degree felony OMVI offense. The court shall not sentence the offender to a community control sanction under section 2929.16 or 2929.17 of the Revised Code." (Emphasis added.)

The trial court therefore was not authorized by statute to impose a prison sentence on appellant for the reason that R.C. 2929.13(G)(1) provides that those offenders, such as appellant, who do not satisfy the criteria in division (G)(2) are not to be sentenced to a prison term. *State v. Corbin* (1999), 131 Ohio App.3d 239, 722 N.E.2d 154. Therefore, the sentence that was imposed by the trial court is void.

After raising the issue *sua sponte,* we conclude that because appellant could not be sentenced to prison as punishment for the DUI offense, the trial court's subsequent judgment imposing a term of eighteen months is without statutory support and constitutes plain error. Accordingly, the sentence is void and, therefore, we find it unnecessary to reach the merits of appellant's assignment of error.

Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we hereby reverse the judgment of the trial court and remand the matter for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.