The STATE of Ohio, Appellee,

v.

SAUNDERS, Appellant.

[Cite as *State v. Saunders* (2000), 138 Ohio App.3d 221.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–514.

Decided June 27, 2000.

*Ron O'Brien,* Franklin County Prosecuting Attorney, and *Susan E. Day,* Assistant Prosecuting Attorney, for appellee.

*Judith Stevenson,* Franklin County Public Defender, and *David L. Strait,* Assistant Public Defender, for appellant.

KENNEDY, Judge.

Defendant-appellant, William T. Saunders, appeals from a decision of the Franklin County Court of Common Pleas imposing a maximum sentence of imprisonment upon appellant after he violated the conditions of his community control sanction.

On December 31, 1997, appellant was indicted on two counts of non-support of dependents in violation of R.C. 2919.21, and pled guilty to one count, as a fifth-degree felony. The trial court accepted the guilty plea and dismissed the remaining count. Thereafter, the trial court imposed a community control sanction on appellant for a period of five years. Subsequently, the trial court found that appellant violated the terms of his community control sanction. As a result, the trial court revoked the community control sanction and held a resentencing hearing. After the hearing, the trial court resentenced appellant to twelve months of imprisonment, the maximum authorized sentence for appellant's fifth-degree felony offense.

Appellant appeals, raising two assignments of error.

## FIRST ASSIGNMENT OF ERROR

"The common pleas court erred by imposing a sentence of imprisonment when the court did not find and the record does not establish * * * any of the factors set forth in R.C. 2929.13(B)."

## SECOND ASSIGNMENT OF ERROR

"The common pleas court erred by imposing the maximum allowable sentence of imprisonment in violation of R.C. 2929.14(C)."

In his first assignment of error, appellant asserts that the trial court erred in imposing a prison sentence on appellant. We disagree.

R.C. 2929.15(B) establishes guidelines for trial courts sentencing defendants who violate the conditions of a community control sanction. Under R.C. 2929.15(B), if a defendant violates the terms of a community control sanction, the trial court may (1) extend the period of the community control sanction, (2)

impose a more restrictive sanction, or (3) "impose a prison term on the offender pursuant to section 2929.14 of the Revised Code."

Therefore, pursuant to R.C. 2929.15(B), the trial court had the authority to impose a prison sentence on appellant after he violated the terms of his community control sanction. As such, we overrule appellant's first assignment of error.

Appellant contends in his second assignment of error that the trial court erred when it imposed the maximum authorized prison sentence on appellant. We agree.

As noted above, the trial court imposed the maximum authorized prison sentence on appellant for a single offense. R.C. 2929.14(C) indicates, in part, that a trial court may impose the maximum authorized prison sentence on an offender if it finds that the offender either committed the worst form of the offense or poses the greatest likelihood of committing future crimes. Furthermore, when a trial court imposes the maximum authorized prison sentence on an offender for a single offense, it must set forth its reasons for imposing such a sentence. R.C. 2929.19(B)(2)(d); *State v. Edmonson* (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131, 134–135.

R.C. 2929.15(B) indicates that a trial court must conform to the sentencing statute when imposing a prison term on a defendant who violates a community control sanction. Thus, the trial court may not impose the maximum authorized prison sentence on appellant unless it determines that one of the factors in R.C. 2929.14(C) exists and it explains its reasons for imposing such a sentence, as required by R.C. 2929.19(B)(2)(d). Indeed, other Ohio district courts of appeals have vacated maximum authorized prison sentences imposed on defendants who have violated community control sanctions when the trial court did not make the findings and explanations required in R.C. 2929.14(C) and 2929.19(B)(2)(d). *State v. Rohda* (1999), 135 Ohio App.3d 21, 732 N.E.2d 1018; *State v. Smith* (Sept. 17, 1999), Hamilton App. No. C–980887, unreported, 1999 WL 728533; *State v. Marvin* (1999), 134 Ohio App.3d 63, 730 N.E.2d 401; *State v. Smith* (June 14, 1999), Stark App. No.1998CA00304, unreported, 1999 WL 744159.

In this case, when the trial court imposed the maximum prison sentence on appellant, it primarily focused on appellant's failure to abide by the conditions of his community control sanction. However, the trial court did not make the specific findings and explanations indicating that appellant satisfied the criteria listed in R.C. 2929.14(C). We have the authority to remand a case for resentenc-

ing if we conclude that the trial court failed to make the requisite findings and explanations. See *Edmonson* at 329, 715 N.E.2d at 135 (remanding case for resentencing where the trial court imposed a sentence without specifying any of the requisite findings and reasons in the sentencing statute); *State v. Hurst* (Mar. 7, 2000), Franklin App. No. 98AP–1549, unreported, 2000 WL 249110. Accordingly, we sustain appellant's second assignment of error.

In summary, we overrule appellant's first assignment of error and sustain appellant's second assignment of error. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

LAZARUS, J., concurs.

PETREE, J., dissents.

PETREE, Judge, dissenting.

Being unable to agree with the majority opinion as to sustaining appellant's second assignment of error, I respectfully dissent. Because of the detailed findings of the trial court in support of imposing a maximum sentence as reflected on pages six through nine of the transcript of proceedings of May 5, 1999, filed June 14, 1999, the second assignment of error should be overruled. R.C. 2929.19(B)(2)(d) imposes on sentencing courts no requirement that statutory language be repeated during sentencing. The essence of the trial court's findings here fully comport with the requirements of S.B. No. 2. Therefore, I would affirm the trial court in all respects.