DECISION.
The prosecution and the defense are in agreement. The prosecution, in its brief, candidly and refreshingly states that it "finds no statutory or case authority contrary to that set forth in Appellant's brief." Thus, the law is clear to everyone involved in this case except the trial judge.
Despite the agreement on the prevailing law, this is a disheartening case. Defendant-appellant Donald Purdy has been without a driver's license for approximately seven years. But Purdy's license suspension should have lasted, at most, three years. It is not likely that this case represents a misperception of the allowable penalties by the trial court; it appears rather to involve a blatant disregard for the law.
Purdy was convicted in 1994 for driving while under the influence of alcohol.[1] He was a first-time offender, and nothing in the record before us suggests that he has ever had another similar offense. Purdy's driving privileges were suspended for three years, the maximum suspension then, and still, authorized by statute for a first-time offender.[2]
A little over one year after his driver's license was suspended, Purdy moved for permission to drive his car to and from work.[3] The trial court granted Purdy's motion, if he would post a significant automobile insurance policy and equip his car with an ignition interlock system. The interlock device would have prevented Purdy from driving if he consumed alcohol.
Approximately one year after Purdy's occupational driving privileges were restored, Purdy reappeared before the trial court for having failed the interlock breath test. It is not clear from the record on what authority the trial court required Purdy to appear. He was not charged with, or convicted of, a violation of the conditions of his occupational driving privileges,[4] and his term of probation had expired. Because he had violated his conditional driving privileges, the court was authorized only to terminate his occupational privileges for the duration of the original suspension, which then had about another year to run.
But on October 15, 1996, the trial court summarily revoked Purdy's driving privileges "for life." This revocation was illegal. By statute, the court conceivably could have extended Purdy's suspension for one additional year for failing to comply with the terms of the restoration of his occupational driving privileges[5] — but that penalty could only have been invoked if Purdy had been charged with, and found guilty of, that offense in a separate criminal proceeding. And a life suspension is only allowed for a fourth, or subsequent, DUI offense within six years.[6]
A greater suspension of a defendant's driver's license than that authorized by statute must be reversed.[7] More generally, an imposed penalty greater than that authorized by statute is void.[8] "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law."[9] A court imposing a penalty in violation of statute does not have subject-matter jurisdiction.[10] The "life suspension" was a nullity and could be attacked at any point. Additionally, in this case, the trial court had already, in 1994, imposed the maximum driving suspension, along with other penalties, and Purdy's probation had expired. Because Purdy was not charged with a new crime, the trial court had no personal jurisdiction over him to impose any sentence when Purdy was before the court in October 1996. Thus, the supposed "life" suspension was void for at least two reasons.
The trial court's action in imposing an illegal suspension was bad enough, but the error was compounded. Purdy twice asked the court to restore his license, allowing the court the opportunity to correct its prior mistake. Purdy cited the appropriate law when he moved to correct the disposition of his case in June 1999. The judge then refused to follow the law. Through another attorney, he also moved to vacate his sentence in March 2001.
Arguing the second motion, Purdy's counsel explained the law to the trial judge, who replied, in reference to the motion, "It will be overruled. We'll let the Court of Appeals see." We see.
So three appellate judges, a defense lawyer, a prosecutor, clerks, and various other people are required to spend time — at taxpayer expense except for Mr. Purdy's lawyer — correcting a mistake that should not have been made in the first place, and that surely should have been corrected by the court when given a second and a third opportunity. And this is not the first time that this particular judge has made the very same error, which was reversed by this court.[11] We expect that citizens respect and obey the law — judges must also follow the law, not their daily pique or whim.
We reverse the order suspending Purdy's driver's license "for life." We remand the case for the trial court to issue an order vacating the suspension, and to notify the Bureau of Motor Vehicles to correct its records accordingly.
Hildebrandt, P.J., and Shannon, J., concur in judgment only.
Raymond E. Shannon, retired, of the First Appellate District, sitting by appointment.
[1] See R.C. 4519.19(A)(1).
[2] See R.C. 4507.16(B)(1).
[3] See former R.C. 4507.16(F)(1), currently R.C. 4507.16(F)(2).
[4] See R.C. 4507.16(C)(1).
[5] See R.C. 4507.16(C)(1).
[6] See R.C. 4507.16(B)(4).
[7] See State v. Finney (1996), 114 Ohio App.3d 74, 77, 682 N.E.2d 1027,1028-1029; State v. Howard (Mar. 1, 1995), Hamilton App. No. C-940544, unreported; State v. Lippencott (Nov. 21, 2000), Franklin App. No. 00AP-491, unreported; Cleveland v. Williams (Mar. 20, 1997), Cuyahoga App. No. 70626, unreported; Columbus v. Wrenn (Aug. 25, 1988), Franklin App. No. 87AP-840, unreported.
[8] See State v. Beasley (1984), 14 Ohio St.3d 74, 75, 471 N.E.2d 774,775; State v. Rohda (1999), 135 Ohio App.3d 21, 24, 732 N.E.2d 1018,1019.
[9] Colegrove v. Burns (1964), 175 Ohio St. 437, 438,195 N.E.2d 811.
[10] Id.
[11] See State v. Howard (Mar. 1, 1995), Hamilton App. No. C-940544, unreported.