OPINION
{¶ 1} Defendant-appellant Darnell Beal appeals from his conviction in the Columbiana County Common Pleas Court. The issue before this court is whether the trial court erred when it sentenced Beal to more than the minimum sentence without the required findings under the felony sentencing statute. For the reasons stated below, the judgment of the trial court is reversed, appellant's sentence is vacated and the case is remanded for a new sentencing hearing.
STATEMENT OF FACTS
 {¶ 2} Beal was indicted for burglary, a violation of R.C.2911.12(A)(3), a third-degree felony. Conviction of a third-degree felony carries a sentence of one to five years in prison. R.C. 2929.14(A)(3). Beal entered into a plea agreement and pled guilty to the charge. A sentencing hearing was held. The trial court sentenced Beal to four years community control with the first six months to be served at the Eastern Ohio Correction Center. (12/3/99 J.E.). At sentencing, the trial court informed Beal that if he violated any terms of his community control, he could receive a five year sentence for the burglary offense. (12/3/99 J.E.). Beal violated the terms of his community control. The state initiated proceedings to revoke Beal's community control. Beal pled guilty to the community control violations and the state recommended two years of incarceration. (Tr. 4). The trial court revoked Beal's community control and ordered Beal to serve two years in prison for the original burglary offense. (5/31/02 J.E.). Beal timely appeals that sentence.
ASSIGNMENT OF ERROR
 {¶ 3} "The trial court erred in sentencing the defendant, by sentencing the defendant in a manner which is contrary to law, and not in keeping with the purposes of the new felony sentencing guidelines as set forth in Senate Bill 2, as amended."
 {¶ 4} Beal states that the trial court did not comply with the mandates of R.C. 2929.14(B)(1) and (2). The state admits that the trial court failed to make the requisite findings in R.C. 2929.14(B)(1) and (2). However, the state claims that in the plea agreement reached between Beal and the state, Beal agreed to the two year term of incarceration. Therefore, according to the state, Beal cannot complain about this error because he agreed to it.
 {¶ 5} The felony sentencing statute states that if the court is imposing a prison term on the offender, it shall impose the shortest prison term authorized for the offense unless one of the two following criteria applies: (1) the offender was serving a prison term at the time of the offense, or the offender previously had served a prison term, or (2) the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public. R.C. 2929.14(B)(1), (2). The prison term imposed after a violation of a community control sanction must comply with the above mandates. State v. Saunders (2000), 138 Ohio App.3d 221 (addressing issue of maximum sentence). An appellate court may only reverse a sentence imposed under Senate Bill 2 if it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1)(a) and (d).
 {¶ 6} We hold that the trial court failed to make the requisite felony sentencing findings pursuant to R.C. 2929.14(B)(1), (2). At the hearing, Beal asserted he was a first time offender. The record confirms this assertion. However, the trial court failed to make this finding. This failure was an error. By statute, the trial court must make a determination as to whether an offender has previously served a prison term. State v. Weaver (2001), 141 Ohio App.3d 512, 519. Since Beal had never served prison time, the trial court could only impose the shortest prison term authorized unless the court found that the shortest sentence would demean the seriousness of the offense or would not adequately protect the public. Id. citing R.C. 2929.14(B). The trial court also failed to make either of these findings at the hearing or in the judgment entry. Therefore, variance from the minimum was in error. Weaver,141 Ohio App.3d at 519, citing State v. Edmonson (1999), 86 Ohio St.3d 324.
 {¶ 7} Furthermore, despite the state's attempt to argue that Beal agreed to the two year sentence, the record does not support this argument. If Beal had agreed to the two year sentence, then the state's argument may have merit. See State v. Adams, 7th Dist. No. 02JE32. However, as the record stands, the state's argument fails, and as explained above, without the requisite findings the trial court erred in sentencing Beal to a sentence other than the minimum sentence authorized by law.
 {¶ 8} Beal asks this court to modify the sentence to one year instead of two years. R.C. 2953.08(G)(2) grants this court the authority to increase, reduce, or modify a sentence appealed under R.C. 2953.08(A), (B), or (C). R.C. 2953.08(G)(2) also grants this court the authority to vacate the sentence appealed under those sections and remand the matter to the trial court for re-sentencing. This sentence was appealed under R.C. 2953.08(A), therefore R.C. 2953.08(G)(2) applies.
 {¶ 9} While this court is tempted to modify the sentence, we must give the trial court the opportunity to explain the reason for the sentence it imposed. State v. Jones (2001), 93 Ohio St.3d 391, 399. InJones, the Supreme Court reversed an appellate court's modification of a sentence. Id. The Supreme Court explained that when the record reveals reasons which may support the trial court's deviation from the minimum even though the trial court failed to make the requisite finding, the appellate court should remand the decision for clarification, rather than substituting its own judgment for that of the trial court. Id. The record in this case is sparse, containing few factual details of the crime. However, the PSI contains information, which if believed by the trial court, might support a sentence greater than the minimum. As such, we cannot conclude that the sentence is clearly unsupported by the record. The trial court is in the best position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victim. Id. at 400. Therefore, despite our inclination to modify the sentence,[1]
due to the Supreme Court's holding in Jones we must remand the case to the trial court for resentencing.
 {¶ 10} Upon remand, we recommend that the trial court hold a new sentencing hearing. Currently pending before the Ohio Supreme Court is the following certified question:
 {¶ 11} "When a trial court sentences an individual to non-minimum, consecutive or maximum sentences, must the trial court make the requisite findings from the bench at the sentencing hearing or is it sufficient to make the findings for the first time in the sentencing entry?" State v. Comer, 95 Ohio St.3d 1472, 2002-Ohio-2444.
 {¶ 12} As such, in order to ensure compliance with any possible holding in Comer and to avoid any further reversal, the trial court, if it wishes to impose more than the minimum sentence, must hold a hearing so that it can make those required findings at both the sentencing hearing and then again in the journal entry. State v. Howard, 7th Dist. No. 02BA9, 2003-Ohio-804.
 {¶ 13} For the foregoing reasons, the judgment of the trial court is reversed, the sentence is vacated and the case is hereby remanded for resentencing. On remand, the trial court should correct its typographical error in the judgment entry which states that a violation of R.C.2911.12(A)(3) is a fourth-degree felony. A violation of R.C. 2911.12(A)(3) is a third-degree felony. R.C. 2911.12(C).
Donofrio, J., and DeGenaro, J., concur.
[1] A recent law review article explains that the Ohio felony sentencing statute was enacted to seek consistent sentences among offenders. Griffin Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2000), 53 Case W.Res.L.Rev. 1. The article explains that appellate judges are granted the authority to modify a sentence that is contrary to law because appellate judges, "have the benefit of greater detachment and longer time for reflection and * * * have been invested with the authority to establish public policy on a district-wide and state-wide basis." Id. at 43. It was the legislature's intention in adopting the felony sentencing statute to allow appellate courts to modify sentences when the sentences are not supported by the record or are contrary to law.