OPINION
{¶ 1} Defendant-appellant Daniel Waugh appeals from his twelve-month sentence of incarceration for Domestic Violence, imposed following the revocation of community control. Waugh contends that the trial court erred by imposing the maximum sentence without providing a proper explanation of its reasons required by R.C. 2929.19(B)(2)(d). The trial court made the requisite finding that Waugh was among the class of offenders who posed the greatest likelihood of committing future crimes. See R.C. 2929.14(C). The narrow issue in this appeal is whether the trial court's explanation of its reasons for imposing the maximum sentence sufficiently tied those reasons to the finding that Waugh was among the class of offenders posing the greatest likelihood of committing future crimes, in a way that set forth the trial court's reasoning process, as required by State v.Rothgeb (January 31, 2003), Champaign App. No. 02-CA-7, 2003-Ohio-465. Although the sentencing proceedings as reflected in the record are not free of difficulty, we conclude thatRothgeb is satisfied in this case and the judgment will be affirmed.
 I {¶ 2} In 2002, Waugh was indicted for Domestic Violence, as a fifth-degree felony. In November, 2002, pursuant to a plea bargain, Waugh pled guilty to one count of Domestic Violence. The trial court imposed a sentence of three years of community control, one of the requirements of which was to complete a program at the West Central Community Based Correctional Facility. In its sentencing entry, the trial court indicated that Waugh would receive a twelve-month sentence of imprisonment, the maximum, should community control be vacated.
 {¶ 3} In early February, 2003, shortly before he was to begin the program at the West Central Community Based Correctional Facility, Waugh informed jail personnel that he no longer wished to attend the program. The next day, Waugh appeared in the trial court, where his community control sanction was vacated, and he was sentenced to twelve months imprisonment — the maximum — for the offense. At the sentencing hearing, the trial court did not expressly make any of the findings required by R.C. 2929.14(C) for the imposition of the maximum sentence.
 {¶ 4} Thirteen days later, on February 18, 2003, an entry was filed in the trial court revoking Waugh's community control sanction, imposing the twelve-month maximum sentence, and finding that "Defendant poses the greatest likelihood of committing future crimes as shown by Defendant's refusal to enter community control ordered."
 II {¶ 5} Waugh's sole assignment of error is as follows:
 {¶ 6} "The trial judge erred by sentencing defendant to total of twelve months, the maximum sentence, in prison."
 {¶ 7} In his argument in support of this assignment of error, Waugh does not argue that the record fails to support the imposition of the maximum sentence. Nor does Waugh argue that the trial court failed to set forth one of the findings required by R.C. 2929.14(C) for the imposition of the maximum sentence. That section permits the imposition of a maximum prison term "upon offenders who pose the greatest likelihood of committing future crimes," and the trial court expressly made this finding at page 3 of its sentencing entry.
 {¶ 8} Waugh argues that the trial court failed to set forth its reasons for imposing the maximum sentence, as required by R.C. 2929.19(B)(2)(d) and State v. Edmonson,
 {¶ 9} 86 Ohio St.3d 324, 328, 1999-Ohio-110.
 {¶ 10} The State questions whether the finding required by R.C. 2929.14(C) and the explanation of reasons required by R.C.2929.19(B)(2)(d) apply when a sentence of imprisonment is being imposed following the revocation of a community control sanction previously imposed for the offense, but notes that at least one court has so held, citing State v. Saunders (2000),138 Ohio App.3d 221, at 223. Furthermore, this was the situation in Statev. Rothgeb, supra, a decision of this court cited by both parties. We see no reason why the statutory requirements for the imposition of a maximum sentence for a felony offense would not apply in a situation where a sentence of imprisonment is being imposed following the revocation of a community control sanction.
 {¶ 11} In State v. Rothgeb, supra, we held that R.C.2929.19(B)(2)(d) requires the trial court, in stating its reasons for imposing a maximum sentence, to connect those reasons to the finding which the reason supports. We went on to hold that: "The court cannot merely pronounce causes that objectively may be its reasons. The court must also identify which of those causes are the particular reasons for each of the statutory findings that the court made." Id, ¶ 25.
 {¶ 12} In Rothgeb, supra, the major issue discussed in our opinion was the imposition of consecutive prison terms, but these, also, require both certain findings, and an explanation of reasons, pursuant to R.C. 2929.19(B)(2)(c). In that case, the trial court specifically recited three findings in support of its imposing consecutive prison terms. These were: that the crime was committed while the defendant was under sanctions; that the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct; and that the defendant's criminal history shows that consecutive terms are needed to protect the public. In the sentencing entry in Rothgeb, as in the sentencing entry in the case before us, the trial court went on to recite some other factors that presumably impacted the sentence, but did not expressly relate them to the trial court's reasons for imposing consecutive prison terms. These additional factors included that: the victim of the new crime suffered serious physical and economic harm; defendant's occupation was used to facilitate the new offense; defendant's relationship with the victim facilitated the offense; defendant has a history of criminal convictions; defendant has not responded favorably to sanctions previously imposed; and defendant shows no genuine remorse.
 {¶ 13} In the case before us, in that portion of the sentencing entry headed "MAXIMUM SENTENCE," the trial court recites that: "The longest term was imposed because Defendant poses the greatest likelihood of committing future crimes as shown by defendant's refusal to enter community control ordered." Immediately following this text, also under the "MAXIMUMSENTENCE" Heading, the trial court states: "The reasons for these findings are set forth in the reasons for imposing prison."
 {¶ 14} Below the "MAXIMUM SENTENCE" heading is a heading entitled "PRISON REASONS." Under this heading, the trial court states: "The Court's reasons for imposing prison are set forth in the following findings:
 {¶ 15} "Defendant served two prior prison terms."
 {¶ 16} Below this are two additional headings, entitled "MORE SERIOUS" and
 {¶ 17} "RECIDIVISM LESS LIKELY."
 {¶ 18} It is not at all clear whether the findings set forth under these latter headings are intended to relate in any way to the reasons for the finding that Waugh "poses the greatest likelihood of committing future crimes." These findings are similar to the factors that the trial court set forth in its sentencing entry in Rothgeb, supra. They include findings that: the defendant's relationship with the victim facilitated the offense; defendant has a history of criminal convictions and juvenile delinquency adjudications; the defendant has not responded favorably to sanctions previously imposed in adult and juvenile court; and the defendant shows no genuine remorse.
 {¶ 19} The only thing in the sentencing entry in the case before us that even arguably could distinguish this case fromState v. Rothgeb, supra, is the recitation by the trial court, in relation to its finding that Waugh poses the greatest likelihood of committing future crimes: "as shown by Defendant's refusal to enter community control ordered."
 {¶ 20} We conclude that this bare assertion that Waugh's "refusal to enter community control ordered" shows that he poses the greatest likelihood of committing future crimes does not adequately connect the trial court's reasons to the finding that the reason supposedly supports, as required by Rothgeb, supra.
 {¶ 21} Waugh tendered an explanation for his decision not to enter the program required as part of his community control sanction. He told the trial court that he had no objection to obtaining treatment, but that this was the wrong program for him. The trial court may well have disagreed. Nevertheless, although we could certainly speculate along these lines, it is not self-evident that Waugh's refusal to comply with the residential treatment program ordered as part of his community control sanction establishes that he is among the class of offenders posing the greatest likelihood of committing future crimes. There may be a valid reasoning process linking these two things, but we are left to speculate what that reasoning process might be.
 {¶ 22} The rest of the findings that arguably may have been incorporated by reference as reasons for the trial court's imposition of the maximum sentence — to wit, Waugh's having served two prior prison terms, which is referred to as a reason for imposing prison, and the findings set forth under the "more serious" and "recidivism less likely" headings are similar, and in some cases identical, to the factors set forth in the sentencing entry in Rothgeb, supra, that we found to be insufficient to express the trial court's reasoning process in a way that would permit meaningful appellate review.
 {¶ 23} We would thus agree with Waugh that the trial court's sentencing entry, standing alone, fails to comply with the requirement of R.C. 2929.19(B)(2)(d) that it set forth its reasons for finding that Waugh is among the class of offenders who pose the greatest likelihood of committing future crimes.
 {¶ 24} Having said this, we nevertheless believe that the entire record of the sentencing proceedings satisfies R.C.2929.19(B)(2)(d) and Rothgeb.
 {¶ 25} In Rothgeb, (which dealt with consecutive sentences and, thus, the different subsections), we explained the problem created by sentencing entries such as are found in Rothgeb and this case:
 {¶ 26} "The preferred method of compliance with these requirements is to set out each finding that R.C. 2929.14(E)(4) requires the court to make, and in relation to each the particular reason or reasons for making the finding that R.C.2929.19(B)(2)(c) contemplates. An unrelated `laundry list' of reasons that doesn't correspond to the statutory findings the court makes presents a difficult puzzle to solve, and requires an appellate court to try to surmise what the trial court's reasons were."
 {¶ 27} Unlike Rothgeb, this case — considering the entire record of the sentencing proceedings — does not present a difficult puzzle to solve.
 {¶ 28} In Rothgeb, the trial court made three statutory findings. Here, the trial court made one: that Waugh posed the greatest likelihood of committing future crimes.
 {¶ 29} At the sentencing hearing, the trial court personally addressed Waugh and stated:
 {¶ 30} "As a juvenile you have unlawfully entering a building as a conviction; joy riding and vandalism as a conviction; another separate joy riding as a conviction; then one count of breaking and entering and two counts of fighting resulting in a conviction. All those in another jurisdiction but all those juvenile matters.
 {¶ 31} "Then as an adult there is a receiving stolen property where you were placed on probation. There was a similar charge in Clark County resulting in probation. Then there was a charge of operating a motor vehicle while under the influence; supervision violation charges because of usage of marijuana; another probation violation because of marijuana use; placement in the McKinley Hall program to deal with the substance abuse problem.
 {¶ 32} "There was an attempt by the Court and supervising officials to have you enter into the Monday Community Correctional Program. You refused the treatment of that program, and then there was attempts to have you placed in McKinley Hall which was placed into effect.
 {¶ 33} "Supervision violation resulted after that.
 {¶ 34} "There was a referral to the Pathfinder Halfway House. You were involved in that, and you walked away from there. You were unsuccessfully terminated from Pathfinder.
 {¶ 35} "There was a domestic violence charge then in 2000 which was disposed of, I believe, in Municipal Court. Breaking and entering charge followed from there, and it resulted in your being sent to the state institution. This is the second time. You had earlier been sent to the state prison from Champaign County and now Clark County did the same thing.
 {¶ 36} "And then you came back to court. There was more than enough basis for a court to determine that prison was appropriate when you were sentenced in this court on the case. The Court took one large step to try to help you. The community correctional staff in reviewing your case had real concerns because you expressed to them your thoughts about your inability to follow other directions were given by them to you, but the staff decided that they would take a chance on you because there was a desire to help.
 {¶ 37} "You have frustrated both the court's desire to help and the agency's desire to help.
 {¶ 38} "We're here today to have discussion about that, to explain it to you and to tell you that your supervision is revoked; and you are being sent to prison because you're not able to comply with the Court's assistance program for you.
 {¶ 39} "Sentence is 12 months to the Ohio Department of Corrections."
 {¶ 40} Although the express finding that Waugh posed the greatest likelihood of committing future crimes came thirteen days later, we have no difficulty tying these remarks to the statutory finding as the reasons for that finding. There is no other finding to which they would relate. Although Rothgeb
requires the trial court to link the reasons to the finding, there is no reason for reversal and remand where, as here, the linkage is so obvious and the result upon remand so predictable. These remarks certainly provide compelling reasons for finding that Waugh poses the greatest likelihood of committing future crimes.
 {¶ 41} Ideally, the trial court should have both made the finding and stated the reasons supporting the finding at the sentencing hearing. (This procedure is now required by State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165). A sentencing entry that simply made the statutory finding followed by a statement of reasons similar to the trial court's above-quoted in-court pronouncement would have satisfied Rothgeb.
 {¶ 42} In any event, and despite the difficulties with the sentencing entry, the entire record permits us to conclude that the trial court adequately, if inartfully, articulated its reasons for finding Waugh posed the greatest likelihood of committing future crimes.
 III. {¶ 43} The assignment of error is overruled.
 {¶ 44} The judgment will be affirmed.
 . . . . . . . . . . .
Fain, P.J., and Young, J., concur.