OPINION
{¶ 1} Defendant-Appellant Tywonne Montgomery appeals from the trial court's September 17, 2004 order sentencing him to concurrent terms of incarceration under two separate case numbers. In 2002, Montgomery was convicted of Unlawful Sexual Conduct with a Minor and was sentenced to two years of incarceration. On appeal, we vacated Montgomery's sentence due to sentencing errors. State v. Montgomery, Montgomery App. No. 19272, 2003-Ohio-209. On remand the trial court placed Montgomery on community control for five years. While on community control, Montgomery was convicted of Carrying a Concealed Weapon. The trial court ordered a six-month sentence for the new conviction, to be served concurrently with the re-imposed two-year sentence for his prior conviction. Montgomery now appeals his sentences.
 {¶ 2} On appeal Montgomery filed an Anders brief in regards to his more recent conviction. We have independently reviewed the record of the proceedings in that case, and we agree with the assessment of appellate counsel that there are no meritorious issues for appellate review. Montgomery's conviction and sentence for Carrying a Concealed Weapon is Affirmed.
 {¶ 3} However, Montgomery does contest his sentence in the prior case, claiming that the trial court failed to find, on the record, that the shortest prison term would either demean the seriousness of the crime or would not adequately protect the public from future crimes committed by him. The State confesses error in this regard, and we conclude that the record supports Montgomery's contention. Therefore, Montgomery's sentence for Unlawful Sexual Conduct with a Minor is Reversed, and that cause is Remanded for re-sentencing.
 I {¶ 4} Montgomery's sole assignment of error is as follows:
 {¶ 5} "IN MONTGOMERY COUNTY COURT OF COMMON PLEAS CASE NO. 2001-CR-02915, THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO A TERM OF INCARCERATION LONGER THAN THE SHORTEST TERM AUTHORIZED BY LAW WITHOUT HAVING FOUND, ON THE RECORD, THAT THE SHORTEST PRISON TERM AUTHORIZED BY LAW WOULD DEMEAN THE SERIOUSNESS OF THE DEFENDANT'S CONDUCT OR WOULD NOT ADEQUATELY PROTECT THE PUBLIC FROM FUTURE CRIMES BY THE DEFENDANT."
 {¶ 6} When a trial court imposes a prison term on an offender who has not previously served a prison term, the court must impose the shortest prison term authorized for the offense unless the court finds on the record that the shortest term would demean the seriousness of the defendant's conduct or would not adequately protect the public from future crimes committed by the defendant. R.C. § 2929.14(B). This statute must also be complied with when a prison term is imposed as a result of a violation of community control sanctions. State v. Saunders (2000),138 Ohio App.3d 221, 223-24, 740 N.E.2d 1121 (addressing issue of maximum sentences).
 {¶ 7} Here, as the State concedes, when the trial court imposed more than a minimum sentence for Unlawful Sexual Conduct with a Minor, the court failed to make the necessary findings on the record to support more than a minimum sentence. If more than a minimum sentence is warranted in this case, the court must make the statutorily mandated findings on the record. Accordingly, Montgomery's sole Assignment of Error is sustained.
 II {¶ 8} Because we agree with Montgomery's appellate counsel that there are no potentially meritorious issues for review, his conviction and sentence for Carrying a Concealed Weapon is affirmed. Montgomery's sole assignment of error relating to his sentence for Unlawful Sexual Conduct with a Minor having been sustained, his sentence for that offense is Reversed, and that cause is Remanded for re-sentencing, in accordance with this opinion.
Wolff and Grady, JJ., concur.