DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Ronald Dean Hensley, appeals from a decision of the Lucas County Court of Common Pleas sentencing him to seven years in prison for a community control violation. For the reasons that follow, we affirm.
 {¶ 2} The relevant facts are that on November 21, 2002, appellant was found guilty of aggravated robbery with the specification that he had a firearm under his control *Page 2 
while committing the offense. On direct appeal, this court reversed his conviction and remanded the case for a new trial. State v. Hensley, 6th Dist. No. L-03-1005, 2005-Ohio-664.
 {¶ 3} On April 21, 2005, appellant entered a guilty plea pursuant toNorth Carolina v. Alford (1970), 400 U.S. 25, to the lesser included offense of robbery. He was sentenced to a three-year community control sanction and 32 months in prison with credit for the time he had already served. He was warned that any violation of his community control could result in a seven year prison sentence. On November 21, 2006, he admitted to violating community control. On December 20, 2006, the court ordered his community control continued with the added conditions that he submit to DNA testing and that he participate in the incarceration diversion.
 {¶ 4} On May 30, 2007, his probation officer filed, with the court, a notification of criminal activity. The notice stated that on May 28, 2007, appellant was arrested for felony drug abuse. On June 13, 2007, appellant again admitted to violating his community control. The court revoked his community control and he was sentenced to serve seven years in prison. Appellant now appeals setting forth the following assignments of error:
 {¶ 5} "I. The trial court erred in imposing both a prison term and a term of community control upon appellant. *Page 3 
 {¶ 6} "II. Appellant's sentence to an additional prison term was void as the trial court lacked jurisdiction and/or authority to impose a prison term after a violation of community control.
 {¶ 7} "III. Appellant was deprived of his rights to due process under the 14th amendment to the U.S. Constitution and section 16, article I of the Ohio Constitution when a harsher sentence was imposed upon him upon remand from the Court of Appeals.
 {¶ 8} "IV. The trial court erred in accepting appellant's admission to a community control violation without properly notifying appellant of all sanctions that could be imposed for violations of community control.
 {¶ 9} "V. The trial court abused its discretion and erred in sentencing appellant to a seven year prison term."
 {¶ 10} We will first address appellant's first and third assignments of error. In his first assignment of error, appellant contends that the court erred on April 21, 2005, when imposing both a prison term along with a community control sanction for the offense of robbery. In his third assignment of error, appellant contends that the court in 2005, erred in imposing a harsher sentence following remand from this court. Appellant did not file a direct appeal of his 2005 sentence. Because appellant could have presented these arguments on direct appeal in 2005, but did not, the arguments are waived. Appellant's first and third assignments of error are found not well-taken.
 {¶ 11} Next, we will address appellant's second and fifth assignments of error. In his second assignment of error, appellant contends that the court lacked jurisdiction to *Page 4 
sentence appellant to prison for seven years for violating community control when appellant had already been sentenced to 32 months in prison for the underlying offense. In his fifth assignment of error, appellant contends that the court abused its discretion in sentencing appellant to prison for seven years when his initial sentence in 2002, for robbery was only for four years and on remand, he was sentenced to community control and a 32 month prison sentence with credit for time served. These arguments are without merit.
 {¶ 12} A prison term imposed on an offender after the court has revoked community control sanctions is a separate sentence reflecting a different violation and such sentence must comply with the requirements of R.C. 2929.14, as must any other felony sentence. State v. Weaver
(2001), 141 Ohio App.3d 512, 518, State v. Saunders (2000),138 Ohio App.3d 221, 223. Four years in prison and, following remand for resentencing, community control plus 32 months in prison, were the punishments for the original offense. Imposition of the seven year prison term in 2007, was a punishment for violating the terms of his community control. State v. Cossin, 4th Dist. No. 02CA32, 2003-Ohio-4246. Appellant's second and fifth assignments of error are found not well-taken.
 {¶ 13} In his fourth assignment of error, appellant contends that the court erred in accepting his guilty plea to a community control violation without first notifying him that he could be subject to postrelease control in addition to a seven year prison term. *Page 5 
 {¶ 14} The Supreme Court of Ohio has held: "[W]hen a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C.2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, paragraph two of the syllabus. Later, in State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, the Supreme Court of Ohio, relying on Jordan, stated:
 {¶ 15} "[i]n such a resentencing hearing, the trial court may not merely inform the offender of the imposition of postrelease control and automatically reimpose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence." Id. at 96.
 {¶ 16} It is undisputed that the journal entry of appellant's sentence incorporated notice of postrelease control. Appellant contends that his sentence is void because he was not notified of the possibility of postrelease control before the court accepted his guilty plea to a community control violation. This is not what Jordan, supra, requires.Jordan requires the court to notify the defendant of the possibility of postrelease control at his sentencing hearing. At appellant's sentencing hearing, the court stated: "[Y]ou're notified, Mr. Hensley, that you may be released on post release control." Accordingly, appellant's fourth assignment of error is found not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant *Page 6 
to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1